**SMITH v. BIRMINGHAM REALTY CO.**
(6 Div. 557.)

(Supreme Court of Alabama. June 1, 1922. Rehearing Denied June 30, 1922.)

1. Statutes ⚖117(8)—Act amending section of Code relating to bills of exceptions held not void as not clearly expressing subject in title.

That part of the subject of Act Sept. 25, 1915 (Gen. Acts 1915, p. 816), entitled "an act to amend section 3022 of the Code of Alabama," permitting the filing of bills of exceptions with the clerk, is germane to their establishment. the subject of such section of the Code, and hence the act is not violative of Const. § 45, as not clearly expressing that part of its subject in its title in so far as it affects, or purports to affect, the presentation of bills of exceptions.

2. Exceptions, bill of ⚖57 — Under Code amendment filing bill of exceptions with clerk within 90 days sufficient when trial judge is unavailable.

Act Sept. 25, 1915 (Gen. Acts 1915, p. 816), providing bill of exceptions may be filed with the clerk within 90 days from judgment when the trial judge is unavailable, and amending Code 1907, § 3022, which provides for establishing bill of exceptions in the Supreme Court in such cases, is also amendatory of section 3019, in that the filing with the clerk instead of the judge "within 90 days" is sufficient in the circumstances stated.

3. Covenants ⚖96(7)—Breach in præsenti of covenant against incumbrance exists where lot conveyed lies within dedicated street.

A breach in præsenti of covenant against incumbrances exists where at time of execution and delivery of the conveyance the lot conveyed lies wholly within a dedicated street.

4. Dedication ⚖38—Prior to statutory authority for annulment of dedication, effect of dedication of streets by platting was irrevocable.

Prior to enactment of Code 1907, § 6032, providing for annulment of dedication plats, the effect of platting and dedicating streets, followed by sale of lots with reference to the plat, was an irrevocable dedication of the streets so shown.

5. Statutes ⚖147 — Legislative intent to change statutes by codification must be clear.

Legislative intent to change the effect of statutes by codification must appear clearly before the courts will adjudge a change.

6. Municipal corporations ⚖43—Plats not recorded not subject to statutory annulment.

Code 1907, § 6032, providing for annulment of dedication plats, must be read with section 6029, providing for recording plats, and section 6034, for "vacating" plats by writing "across the record," and a plat never recorded is not subject to this statutory annulment.

7. Covenants ⚖127(2) — Purchaser suffering breach not reduced to nominal damages when suing after vendor's foreclosure.

Where purchaser suffered a breach in præsenti of covenant against incumbrances, and after receiving part payment vendor foreclosed and bid in the property to cover purchaser's indebtedness, purchaser suing on the breach is not reduced to nominal damages, since that determination would leave purchaser unreimbursed for partial payments and enhanced values had breach not occurred.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by Sallie J. Smith against the Birmingham Realty Company for breach of warranty. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

W. A. Jenkins, of Birmingham, for appellant.

There being an easement for a public highway in the land conveyed at the time defendant executed and delivered to plaintiff its warranty deed, this constituted a breach of the covenant against incumbrances. 100 Ala. 553, 13 South. 545; 198 Ala. 122, 73 South. 418. The public highway being shown on the map of the land company, and lots sold 'with reference thereto, the street was completely and irrevocably dedicated. 204 Ala. 175, 85 South. 516; 188 Ala. 620, 65 South. 1006; 152 Ala. 334, 44 South. 588. The dedication being effected by common law, could only be vacated by legislative enactment. Code 1907, §§ 6028–6034; 203 Ala. 237, 82 South. 487; 285 Ill. 439, 120 N. E. 800; 174 Ill. 164, 51 N. E. 215; 182 Ala. 419, 62 South. 712, 47 L. R. A. (N. S.) 607.

London, Yancey & Brower, of Birmingham, for appellee.

The limitation of 90 days for the presentation of bill of exceptions is jurisdictional, and an instrument signed by the trial judge, but not presented within the time required by law, is no bill of exceptions. Code 1907, § 3019; 184 Ala. 598, 64 South. 69; 169 Ala. 444, 53 South. 823; 15 Ala. App. 434, 73 South. 756; 3 Ala. App. 612, 57 South. 129. Acts 1915, p. 816, amending Code, § 3022, is unconstitutional and void. Const. 1901, § 45. The subject-matter of an amendment must be germane to the original, notwithstanding the rule that a section of the Code may be amended by reference to section number only. 187 Ala. 411, 65 South. 942. Appellant alleges that the lot described in the deed was wholly in a dedicated public street, yet seeks to recover damages because of an incumbrance thereon; there can be no such thing as an incumbrance on a piece of land where no title could pass to the vendee. 166 Ala. 170, 51 South. 861; 161 Ala. 542, 49 South. 378, 23 L. R. A. (N. S.) 992; 4 Words and Phrases, 3519; 1 Bouvier, Law Dict. 784. Appellant's damages, if any, were nominal. 2 Devlin on Deeds, §§ 916, 920.

SAYRE, J. [1, 2] The final judgment entry in this cause bears date June 15, 1921. The bill of exceptions was approved and signed by the presiding judge December 9, 1921, and, if this were all, the bill would need to be stricken under the authority of our cases interpreting section 3019 of the Code of 1907. Edinburgh-American Mtg. Co. v. Canterbury, 169 Ala. 444, 53 South. 823; Box v. Southern R. Co., 184 Ala. 598, 64 South. 69. But the bill bears a notation by the clerk of the circuit court to the effect that, the judge before whom the cause was tried being out of the state and unable to accept a presentation of the bill, the same was filed with him, the clerk, September 13, 1921, in accordance with the act approved September 25, 1915, amending section 3022 of the Code. This filing with the clerk was within the time prescribed by section 3019 for the presentation of bills of exceptions. Appellee moves to strike the bill, and in support of its motion contends that the act of September 25, 1915, "to amend section 3022 of the Code of Alabama" (Gen. Acts, p. 816), is void, in so far as it affects or purports to affect the presentation of the bill in this cause, for the reason that its subject—that part of it which permits a filing with the clerk—is not clearly expressed in the title.

Section 3022, as it appeared in the Code of 1907, was the subject of the act of September 25, 1915, supra. State ex rel. Troy v. Smith, 187 Ala. 411, 65 South. 942. This section, to state its subject broadly—and no great strictness is required in such matters—was the establishment of bills of exceptions. That is also the subject of the act of September 25, 1915. The act provides for the establishment of bills of exceptions in some cases and by a procedure different from that prescribed by section 3022—that is, by filing them with the clerk in certain contingencies—and that in some cases the bill must be settled by a judge of this court, whereas the section provides for the settlement of all bills by the court; but all the provisions of the act are germane, cognate, to the subject-matter of the section, and under familiar decisions of this court such provisions in the body of the act are not forbidden by the constitutional mandate to which the appellee has referred. To hold otherwise would transcend the limit set in the Troy Case, supra, and well-nigh destroy the power to legislate by way of amending sections of the Code. The legislative purpose, expressed with adequate clearness, we think, was to declare that a filing with the clerk in the circumstances stated should serve every purpose of the filing with the judge provided by section 3019. It results that the motion to strike must be overruled.

Section 3022 is in pari materia with section 3019, which prescribes the time within which bills of exceptions must be presented and signed; and the section as amended by the act must be read with a view to that relation. It results that, if the party seeking review shall have his bill of exceptions ready for presentation at any time within 90 days from the day on which judgment is entered, and then finds the judge out of the state or the county in which the cause was tried, he may, without waiting, file his bill with the clerk, after which the bill must be settled as provided by the act.

[3] Plaintiff sought damages for an al-

leged **breach of** a' covenant against incumbrances, and the only question raised on this appeal is whether plaintiff or defendant was entitled to the general affirmative charge. Defendant (appellee) had sold and conveyed to plaintiff a certain parcel of land described as follows:

"Lot numbered 1 in block numbered 28 according to the Birmingham Realty Company's addition No. 4, located in the city of Birmingham, Ala."

Plaintiff's proof was that at the time of the execution and delivery of the conveyance the lot in question lay wholly within a street which had been dedicated to the public. This, in the absence of countervailing circumstances, constituted a breach in presenti of the covenant. Copeland v. McAdory, 100 Ala. 553, 13 South. 545; Anniston Co. v. Griffis, 198 Ala. 122, 73 South. 418.

[4] Defendant sought to avoid the effect of the foregoing proposition by an effort to show that the street had been vacated before the sale to plaintiff, and plaintiff's contention that the effort to vacate the street was ineffectual because not done in accordance with the statute must needs be considered.

The lot in question was described in the conveyance by reference to the map of the Birmingham Realty Company's addition No. 4. Title to the tract comprised within the limits shown by this map had been acquired by defendant from the Elyton Land Company, and, along with the larger inclusive territory now occupied by the city of Birmingham, had, many years before, been platted and mapped by the last-named company, and according to that map lots in the city of Birmingham had been sold and conveyed by both companies. But the Elyton Land Company map had never been recorded. Fourteenth avenue, as shown by the Elyton Land Company's map, overlaid the lot conveyed by defendant to plaintiff. Defendant's effort was to vacate Fourteenth avenue in part— the part affecting plaintiff's lot—by the procedure provided in section 6032 of the Code of 1907, and now the argument in support of the proceeding is that any street dedicated by any map, plat, or survey, whether recorded or not, may be vacated in the manner provided by the section, while the argument contra is that the procedure described in section 6032 may be adopted only in case of a map, plat, or survey such as is authorized to be recorded by section 6029.

It is well settled that, prior to the statute to which we have referred, the general effect of platting land into blocks and lots, setting apart and designating intervening areas as streets, followed by a sale of lots with reference to a map showing the streets, is to work a complete and irrevocable dedication of the streets so shown to the uses of the purchasers and the general public. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 South. 716, where the cases are cited. And in that case the court went so far as to say that the right thus created is a right in the purchaser, as against the dedicator, to have the designated scheme of public ways and places maintained in its integrity, as it existed at the time of his purchase, and that all persons whatsoever may use them as occasion may require. In this connection the language of section 6032, which lays down the procedure for the vacation of maps in cases where lots have been sold by reference thereto and undertakes to state its effect, may be noted. It is that the declaration of vacation, "being duly recorded, shall operate to destroy the force and effect of the dedication by the map, plat, or survey, and to divest all public rights on that part of the street or alley so vacated."

[5, 6] Conceding the complete efficacy of the remedy provided by the Code for the vacation of streets in cases of this character when properly pursued, the main question presented is whether in this case the statute was properly invoked.

The act approved February 26, 1889 (Gen. Acts, p. 53), now appearing in the Code as sections 6028–6034, was intended to relieve in some degree against the strictness of the law above stated. It is impossible to read the original act without reaching the conclusion that the procedure provided by it for the vacation of maps, plats, or surveys contemplated only maps, plats, and surveys made and recorded after the manner of the fore part of the act. The statute, though it may be considered as in some respects remedial, is, in case of a partial vacation such as is here attempted, in derogation of the rights of purchasers other than those attingent upon the streets to be vacated as those rights are stated in Highland Realty Co. v. Avondale Land Co., supra. It has been reduced to its present shape in the Code, but no striking changes of its language have been made, and the legislative intent to change its operation and effect by Code revision must be made to appear clearly before a change can be adjudged by the court. Bradley v. State, 69 Ala. 318; Landford v. Dunklin, 71 Ala. 594; Jackson County v. Derrick, 117 Ala. 348, 23 South. 193; Lindsay v. U. S. Savings Co., 127 Ala. 366, 28 South. 717, 51 L. R. A. 393; Southern R. v. Smith, 163 Ala. 174, 50 South. 390; Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 South. 712, 47 L. R. A. (N. S.) 607; Goodman v. Carroll, 205 Ala. 305, 87 South. 368. Indeed, the statute cannot be given effect on any other hypothesis because, the map to be vacated not having been recorded, the requirements of section 6034, a material part of the statutory scheme, cannot be observed. The statute requires the recording of the map or plat in order to safeguard titles, and for like rea-

son it provides for a notation by the probate judge upon the record of such map or plat vacated in whole or in part and a reference to the record of the original map or plat; but, obviously, such requirement cannot be observed where the map or plat has not been recorded. L. & N. v. Mauter, 203 Ala. 237, 82 South. 487; Corbin v. B. & O. C. T. R. Co., 285 Ill. 439, 120 N. E. 800.

We hold, therefore, that the statute was not available for the cancellation of the street shown by the Elyton Land Company's map, and so that plaintiff's lot at the time of its purchase by her was incumbered by an easement in the street.

In the next place, defendant (appellee) suggests that there could be no incumbrance by reason of an easement over a parcel of land in a case where no title passed, which we take to mean that plaintiff has not assigned that breach of the covenant by which she was injured. There might have been some force in this suggestion had the dedication of the avenue been accomplished by a recordation of the map showing the street, for the statute (section 6030 of the Code) may be read to vest in the public a fee in the streets so dedicated. However, it was decided in Cloverdale Homes v. Town of Cloverdale, supra, that the method of dedication provided by the statute, notwithstanding the language employed, leaves the ultimate fee in the attingent owner. Here the dedication was accomplished by the Elyton Land Company's map and the sale of lots with reference thereto—a dedication in virtue of the common law. Such dedication vested only an easement in the street, leaving the fee in the owner, subject to alienation. Western Ry. of Ala. v. Ala. Grand Trunk R. Co., 96 Ala. 272, 11 South. 483, 17 L. R. A. 474; Rudolph v. Birmingham, 188 Ala. 620, 65 South. 1006.

[7] About two years after the deed to plaintiff defendant foreclosed a mortgage given by plaintiff to secure a balance due on purchase money and a building loan and bid in the property at a sum to cover plaintiff's total indebtedness, but not the amount plaintiff paid on the purchase price of the lot. On these facts appellee argues that plaintiff has suffered nominal damages only. But this process does not account for the loss which plaintiff has incurred by reason of her payments on the lot nor negative the fact that, had the title been free of incumbrance, the property, at its unincumbered value, would have brought enough to reimburse plaintiff. We find no merit in this contention.

It results that the decree must be reversed, and the cause remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.