(153 So. 163)
**CHICHESTER et al. v. KROMAN.**
6 Div. 496.

Supreme Court of Alabama.
March 27, 1930.

Rehearing Denied May 15, 1930.

Woolverton & Haley, of Birmingham, for appellants.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellee.

FOSTER, J.

The principles of law which seem to control this case have been expressed in several of our decisions. We wish to group them for convenience. Unless specially authorized by the Legislature, a city cannot permit the obstruction of a street or alley which has been completely dedicated to the public. State v. L. & N. R. R. Co., 158 Ala. 208, 48 So. 391; City of Troy v. Watkins, 201 Ala. 274, 78 So. 50.

But the *Legislature* may vacate a street, and may delegate the power to do so to the municipal authorities. State v. L. & N. R. R. Co., supra; Mobile & M. Rwy. Co. v. A. M. Rwy. Co., 116 Ala. 66, 23 So. 57, 60; 2 Dillon, Municipal Corporations (3d Ed.) 656, 657. Except as restricted by the Constitution, the state's power is plenary in respect to the vacation of streets and highways within its borders. Duy v. Ala. West. Rwy. Co., 175 Ala. 162, 57 So. 724, Ann. Cas. 1914C, 1119; 4 McQuillen on Municipal Corporations (2d Ed.) § 1519.

If the Legislature has authorized the vacation of a street not in violation of the Constitution, an obstruction in accordance with such authority is not a nuisance; for whatever is lawful cannot be a nuisance. State v. L. & N. R. R. Co., supra; Southern Rwy. Co. v. Ables, 153 Ala. 523, 45 So. 234, 238; Northern Transportation Co. v. Chicago, 99 U. S. 635, 640, 641, 25 L. Ed. 336; Alabama G. S. R. R. Co. v. Barclay, 178 Ala. 124, 59 So. 169. But, though the Legislature may attempt to permit such obstruction, yet it

may infringe upon certain property rights which cannot be taken by the state under section 23 of the Constitution without just compensation. But it is not every lot owner on said street whose rights are thus protected. But only those whose lots abut that portion of the street vacated, not including one whose lot only corners it (Albes v. So. Rwy. Co., 164 Ala. 356, 51 So. 327; Id., 153 Ala. 523, 45 So. 234; Hall v. A., B. & A. R. R. Co., 158 Ala. 271, 48 So. 365), unless his property has by said vacation been cut off without some convenient and reasonable way of travel from the outside (Jackson v. B'ham Foundry & Mach. Co., 154 Ala. 464, 45 So. 660, 662; Hall v. A., B. & A. R. R. Co., supra).

The doctrine of such cases puts a limitation upon these further principles to the effect that every purchaser of a lot shown on a map "has the right, as against the dedicator and his privies (i. e., the purchasers of other lots) to have the designated scheme of public ways and places maintained in its integrity, as it existed at the time of his purchase and that all persons whatsoever may use them as occasion may require. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716; Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117; Stack v. Tennessee Land Co., 209 Ala. 449, 96 So. 355" (Thetford v. Cloverdale, 217 Ala. 241, 115 So. 165, 167), and to the effect that a private person, "if he sustains an individual or specific damage in addition to that suffered by the public, he may sue to have the same abated, if the remedy at law is inadequate" (Alabama, G. S. R. R. Co. v. Barclay, 178 Ala. 124, 59 So. 169, 170; Sloss-Sheffield S. & I. Co. v. Johnson, 147 Ala. 384, 41 So. 907, 8 L. R. A. [N. S.] 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285), and that an action at law may be maintained by him for damages in such a case (Demopolis v. Webb, 87 Ala. 659, 6 So. 408; Meighan v. B. T. Co., 165 Ala. 591, 51 So. 775; Duy v. A. W. Rwy. Co., supra). It is not necessary that his property abut the closed portion of the street in order to abate an obstruction which is not authorized by law and is a nuisance or recover damages for it, but in order to maintain such suit, the lot must be so situated as that its owner suffers "special damage" different from that suffered by the public generally. Authorities supra.

Such private rights and suits by the property owner are subordinate to the right of the state to vacate any public street or alley, with the limitation that in doing so it must make just compensation to the owners of lots which abut that portion of the street vacated, or whose lots are cut off from access thereby over some other reasonable and convenient way under the requirements of section 23 of the Constitution. So that, if the state has vacated a public street or alley, or has authorized a city to do so, the only persons who

may complain are the owners of lots abutting on that portion which is vacated, or which are cut off from convenient and reasonable access by some other public street or alley.

The lot of the complainant in this case does not abut nor even corner at that portion of the alley proposed to be vacated.

■ Appellants contend that there has been a full and complete compliance with the provisions of section 10361, Code, amended by Acts 1927, p. 195. This of course is a legislative act which has general application, and the street or alley is in an incorporated city, and it delegates to that city the right to grant or refuse its approval of the proposed vacation, and thereby to express the will of the state. But if the requirements of that enactment are complied with, including the assent of the city to be manifested as there indicated, it becomes, ipso facto, a permit from the state, and is effective unless just compensation is due.

■ The inquiries of fact are as follows: Did all the "owners of the land abutting the street or alley (or that portion of the street or alley desired to be vacated)" join "in a written instrument declaring the same to be vacated," properly acknowledged and recorded, and did the city give its assent, "evidenced by a resolution adopted by such governing body, a copy of which, certified by the clerk or ministerial officer in charge of the records of the municipality attached to, filed and recorded with the written declaration of vacation," and was a "convenient means of ingress and egress to and from this property afforded" by any other street or alley?

The evidence was taken in open court before the presiding judge. It showed without dispute that appellants are the sole owners of land abutting that portion of the alley desired to be vacated, and that they executed and recorded the written instrument prescribed by the law we have quoted, and that the city commission duly adopted a resolution as thereby prescribed, which was certified, attached to, and recorded with the written instrument of vacation. The evidence shows without dispute that the property of complainant did not abut the portion of the alley to be vacated, nor was it rendered inaccessible by other streets or alleys. There was conflicting evidence as to which was the more convenient means of ingress and egress to and from complainant's property. The resolution of the city commission found that convenient means were so afforded, and recited that finding in the resolution.

We think that, in view of the law which we have restated, the material question of fact in this case is whether there is a convenient means of ingress and egress otherwise afforded. As we interpret the final decree of the court, it did not expressly respond to that issue. It is predicated entirely upon the finding that the complainant did not join in the instrument of vacation. We have shown that our authorities sustain the view that it is not necessary that she join unless her property abuts the portion of the alley to be vacated, or it is thereby rendered inaccessible over other convenient streets or alleys. We must therefore determine from the evidence whether a convenient means of access would be afforded complainant after the vacation of the portion of the alley in question. This we must do free from the presumption which attaches to a finding by the judge on evidence taken in open court, because the decree shows that there was no such finding.

■ In defining this right of access, the Supreme Court stated in Jackson v. B'ham. F. & M. Co., supra: "No hard and fast rule can be declared, nor should an aesthetic taste or unreasonable desire for convenience of way be allowed to expand the right of easement of access to an extent beyond that necessarily essential to a fairly convenient way to the property of the complaining owner. This rule appeals to us as right and just to both the state and property owner," and that "the whole right is implied in the term 'access'; and, to afford it, neither distance, within reasonable limits, nor ease of travel, * * * left open, should be permitted to lead to wider requirement than we have undertaken to state."

The evidence shows that the vacated portion was quite precipitous and rough and little used, and too steep for much practical purpose, and that a way was open at the other end of the alley to complainant's property, and that there was provided and dedicated by appellants still another way for complainant to her property.

■ It is not a question of comparing conveniences or desirability, but whether there is left or provided some other reasonably convenient way. Our conclusion from the evidence is that such a way is shown to exist for the benefit of complainant.

It follows that in our judgment complainant is not entitled to relief, and a decree will be so entered.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.