213 So.2d 391

Luster L. BASS et al.

v.

Grace SANDERS.

I Div. 473.

Supreme Court of Alabama.

July 18, 1968.

Rehearing Denied Aug. 15, 1968.

J. B. Blackburn, Bay Minette, and Fred W. Killion, Jr., Mobile, for appellants.

**548**

Chason, Stone & Chason, Bay Minette, for appellee.

MERRILL, Justice.

This is an appeal from a decree in a declaratory judgment proceeding in which appellee Sanders sought to have a fifty foot easement declared between the property of appellant Bass on the north and appellant Killion on the south. The trial court granted the easement.

The property involved is in the shape of a parallelogram approximately 670 feet east and west and 50 feet wide. It is bounded on the east by U. S. Highway 98 and on the west by Mobile Bay. The shoreline and the highway parallel each other in a northeasterly-southwesterly direction.

Appellee alleged that the 50 foot strip had been used by the public as a road, that appellants attempted to vacate the strip without securing the assent of the county governing body, that the attempted vacation was void, that appellants had erected a fence across the strip and asked for a declaration of the rights of the parties.

Appellants filed pleas setting up res judicata and estoppel. Attached to the pleas were copies of the decree which dismissed, with prejudice, the bill of complaint filed by appellee against appellants in which she sought to quiet title in her to the 50 foot strip.

Appellee filed a motion to strike the pleas. Appellants asked that the pleas be set down for hearing; the request was granted, and upon a hearing, the trial court held that the pleas did not constitute a defense to the declaratory judgment proceeding and granted appellee's motion to strike the pleas.

Appellants filed separate demurrers which were overruled, and they then filed answers. The cause was tried on June 2, 1967 and the decree rendered on July 12, 1967. The decree determined that appellee was the owner of property east of the strip and joining the eastern boundary of High-

way 98; that there is a justiciable controversy existing between all parties; that the attempted declaration of vacation was void and of no force and effect; that none of the parties are vested with the fee simple title to the 50 foot strip; that the 50 foot strip is subject to an easement in favor of the appellee and any and all other owners of the lands which are to be served by such strip; that the ad valorem taxes on such strip are to be paid by the appellee; that the appellants must remove the fence that they have erected across the strip and that the appellee is authorized to remove all trees and undergrowth which interferes with her easement across said land.

The first two assignments of error charge that the court erred in striking appellants' pleas.

The entire pleadings in appellee's previous suit to quiet title were not in evidence in the instant trial. As already noted, only the decree was an exhibit when the pleas were stricken. Later, the bill of complaint and the decree were made exhibits to the answers.

We hold that the trial court did not err in striking the pleas, because the decree in the quiet title suit showed on its face that it did not finally adjudicate all the claims between the parties relating to the land involved.

Paragraph A of the decree stated that the cause could "be decided and final decree rendered without a ruling" on the demurrers, answers and pleas of respondents Bass and Killion.

Paragraphs B, C and D read as follows:

"The complainant has failed to prove that she was in peaceable possession of the property described in her bill of complaint at the time this suit was filed and has failed to prove that no suit was pending to test respondents' title to the property described in the bill of com-

plaint at the time of the filing of this suit.

"The respondents have proved that they were in the actual possession of the property described in this suit at the time the bill of complaint in this cause was filed and at all times between the date of the filing of the said bill of complaint (October 16, 1962) and May. 21, 1964.

"The complainant is not entitled to the relief prayed for by her in her said bill of complaint and the said bill of complaint should be dismissed with prejudice."

It is obvious that the cause was dismissed because of failure to prove the statutory requirement of possession by the complainant for the maintenance of an action to quiet title under Tit. 7, § 1109, Code 1940.

The case of Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 113 So. 35, is dispositive of the question. The court said in reference to a prior suit to quiet title:

"We agree with counsel for appellant in the view that the decree in that case adjudicated nothing but the single fact that Mary Howard did not have the peaceable possession, actual or constructive, of the lands in controversy, at the time of the filing of her bill of complaint. The 'merits' of the case involved two main issues: (1) The peaceable possession by the complainant; and (2) contingently upon proof of such possession, the nature and status of the respondent's title. Whittaker v. Van Hoose, 157 Ala. 286, 47 So. 741; Vaughan v. Palmore, 176 Ala. 72, 57 So. 488; Stacey. v. Jones, 180 Ala. 231, 60 So. 823. The trial court explicitly adjudicated the first proposition against the complainant, and denied relief upon that ground. There was no occasion for, nor any propriety in, an adjudication of the respondent's title (Buchmann A. & I. Co. v. Roberts, 213 Ala. 520, 105 So. 675), and none was

made; and the title of the complainant was not adjudicated either directly or by implication from the establishment of a superior title in the respondent. So far as actual title was concerned, it was res non judicata. * * *"

In order to sustain a plea of res judicata or estoppel by judgment the parties must be the same, the subject matter the same, the point must be directly in question and the judgment must be rendered on that point. Interstate Electric Co. v. Fidelity & Deposit Co. of Maryland, 228 Ala. 210, 153 So. 427; Aetna Ins. Co. v. Hann, 196 Ala. 234, 72 So. 48.

In the instant suit, the rights of all the parties to the strip of land were in issue. In the prior suit to quiet title, the only point decided was that the complainant—appellee here—was not in possession, a fact conceded in the instant suit.

The third and fourth assignments of error charge that the demurrers were improperly overruled.

Ordinarily, a declaration of rights is not made on demurrer in a declaratory judgment proceeding, and a demurrer to such a bill or petition is properly overruled when a justiciable controversy is presented. Foshee v. Mitchell, 270 Ala. 533, 120 So.2d 741; City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295. There is no question but that a justiciable controversy is presented.

The final assignment of error questions the correctness of the decree in granting the appellee and the public at large an easement over the strip. Some of the evidence was in conflict, but we list here that which was sufficient to support the decree of the trial court.

Appellants Bass own the property north of the strip and their deed did not convey the 50 foot strip to them. In their answer to the prior suit to quiet title, they alleged that the 50 foot strip was a public highway.

Appellants Killion own the property south of the strip and their deed did not convey any part of the strip to them. In his testimony on the prior suit, Fred W. Killion testified that the strip was a road.

Appellee did have a deed to an easement over the strip. She first knew about the strip in 1936 when she, her three sons and her guests would travel it in going to the beach and she testified that other people used it as a right of way. For years there were fences on both sides of the strip. John Huffman, a real estate agent in Fairhope, testified that he was an engineer for the county in 1933 when Highway 98 was constructed. One of his duties was to locate culverts on the road and he located a culvert at the east end of the strip where it joins the highway. The culvert was built there as at all private and public ways along the new highway. The culvert was still there and was put there so a traveler from Highway 98 would have access to the road down to the bay. In 1945, the road was still in use and he used it as a member of the public.

R. C. Yohn had known the land from 1949 when he was working as a surveyor. He testified there was a roadway on the strip, he saw automobile tracks on it and that he had used it as a right of way.

Claude W. Arnold, a civil engineer and surveyor, had been familiar with the strip since 1935. That year, his father owned a dairy and he drove milk trucks from the highway to the bay over the strip many times. It was used by many people and he hauled piling over the strip. He surveyed the property in 1949 and the fences on both sides of the strip were old at that time.

One of the appellants, Fred W. Killion, testified that the strip was used by one

Mike Houston in delivering ice to his house by horse and wagon.

 The attempted vacation of the strip as a roadway in 1964 by appellants Bass and Killion, as the sole abutting owners on the north and south respectively, was not efficacious because Tit. 56, § 32, Code 1940, requires that such vacation must, if the property is not within the limits of a municipality, as here, be approved by the county governing body. This was not done.

No reversible error has been presented by the argued assignments of error.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.