266 So.2d 592

Carolyn L. McPHILLIPS et al.

v.

Arnold M. BRODBECK, Jr.

1 Div. 690.

Supreme Court of Alabama.

April 20, 1972.

Rehearing Denied Aug. 24, 1972.

Garet Van Antwerp, III, Mylan R. Engel, Mobile, James R. Owen, Bay Minette, for appellants.

PER CURIAM.

This case involves the vacation of a portion of a public way which will hereafter be referred to as a "street" in Baldwin County. The street in question lies within a recorded plat known as Brodbeck & Zundel Brothers and leads to Mobile Bay. It is the western end of the street that was vacated. The complainant, Arnold M. Brodbeck, Jr., owns a lot which abuts Zundel Street east of that part which was vacated. The respondents Carolyn L. McPhillips, Joseph A. McPhillips, and Norman Nicolson, own all the property on both sides of the western end of Zundel Street. A copy of the above mentioned plat is appended as an exhibit to this opinion so that the geography of the case may be better understood.

The complainant filed a bill in equity to set aside the vacation of the western end of the street and to enjoin respondents from interfering with his use of the street. The Circuit Court of Baldwin County, in Equity, entered a decree granting the complainant the relief prayed for and it is from this decree that this appeal is taken.

The pertinent facts were stipulated, and it was on the basis of these facts that the Circuit Court must necessarily have based its decree. The facts set forth in the stipulation were essentially the same facts set forth in the bill of complaint, to which appropriate demurrers were filed, presenting the question as to whether or not they entitled the complainant to the relief prayed for. We now set forth the stipulation:

"STIPULATION

"That the parties by and through their respective Attorneys, in open Court, at the pre-trial conference set for May 24, 1971, stipulate and agree that the facts to be submitted to the Court in this cause are:

"1. That there is a Sub-division called Brodbeck & Zundel's Subdivision on record in Misc. Book 1 at page 247, Baldwin County Probate Records, which was recorded in the office of the Judge of Pro-

Wilson Hayes, Bay Minette, for appellee.

bate on January 25, 1909; that said sub-division has in it a street or public way called Zundel's street as appears on the Plat running East and west from the Point Clear Road, now U. S. Highway 98, to Mobile Bay;

"2. That Complainant, Arnold M. Brodbeck, Jr. is an owner on Zundel's Street owning the "Store Lot" shown on Complainant's Exhibit A; that the Respondents, McPhillips and Nicolson are abutting owners on Zundel's Street, as shown on Complainant's Exhibit A;

"3. That on the 24th day of August, 1970, the Respondents executed a declaration of vacation and submitted the same to the Baldwin County Commission's [sic] for said Commission's assent thereto; that said Baldwin County Commission adopted a Resolution at a meeting of said Commission held on October 6, 1970, in which it assented to said vacation; that said Respondents are the sole owners of the property abutting on that part of said Zundel's Street which is described in said declaration of vacation; the metes and bounds description contained in the declaration of vacation describes the portion of Zundel's Street shown on complainant's Exhibit A as lying between 'McPhillips' property and 'Nicolson' property.

"3–A. Complainant has access to and from his property by way of U. S. Highway 98.

"4. That Complainant has no other convenient access from his property to Mobile Bay except by Zundel's Street as shown in the Plat of said Sub-division.

"5. That on October 20, 1970, the Baldwin County Commission adopted a Resolution undertaking to rescind its prior assent to vacation of said public way;

"6. That the Complainant had no notice of the proceedings for vacation and did not assent thereto;

"7. That after the declaration of vacation, with certified copy of the resolution of assent was filed October 13, 1970, and recorded in Misc. Book 22, page 395, Baldwin County, Alabama Probate records, the Respondents stopped up or obstructed the Zundel's Street and this action was brought for the purpose of having them remove the obstruction, and to set aside the declaration of vacation;

"8. That the appropriate exhibits are attached hereto and are marked Complainant's Exhibits A. and B. and Respondents'' Exhibit 1.

"Dated at Bay Minette, Alabama, this. the 24th day of May, 1971.

"/s/ Wilson Hayes
Attorney for the Complainant.

/s/ G. Van Antwerp

/s/ Mylan R. Engel

"/s/ James R. Owen
Attorneys for the Respondents.

"Filed: May 31, 1971
Eunice G. Tindal,
Register"

The record shows that the street was vacated by the Baldwin County Commission under the provisions of Art. 2, § 32, Tit. 56 of the Code of 1940, which section is now set forth (the emphasis being ours):

"§ 32. Vacation of any street or alley by owners of abutting lands.—Any street or alley may be vacated in whole or in part by the owner or owners of the land abutting the street or alley, or abutting that portion of the street or alley desired to be vacated, joining in a written instrument declaring the same to be vacated, such written instrument to be executed, acknowledged and recorded in like manner as conveyances of land, which declaration being duly recorded shall operate to destroy the force and effect of the dedication of said street or alley or portion vacated and to divest all public rights, including any rights which may have been acquired by prescription, in that part of the street or alley so vacated; provided, however, that if any such street or alley is within the limits of any municipality, the assent to such vacation·

of the city council or other governing body of the municipality, must be procured, evidenced by a resolution adopted by such governing body, a copy of which, certified by the clerk or ministerial officer in charge of the records of the municipality must be attached to, filed and recorded with the written declaration of vacation, and if any such street or alley has been or is being used as a public road, and is not within the limits of any municipality, the assent to such vacation of the board of revenue or court of county commissioners of the county in which such street or alley is situated must be procured, evidenced by resolution adopted by such board or court, a copy of which certified by the chairman or president or other head thereof, must be attached to, filed and recorded with the declaration of vacation. *Such vacation shall not deprive other property owners of such right as they may have to convenient and reasonable means of ingress and egress to and from their property and if such right is not afforded by the remaining streets and alleys, another street or alley affording such right must be dedicated.*

"The provisions of this section shall not be held to repeal any existing statute relating to the vacation of streets or alleys or parts thereof. (1939, p. 110.)"

This brings us to the legal principles involved in the determination of this cause. We pause to add that insofar as we have been able to ascertain, no similar factual situation has heretofore been presented to this court. The 4th Edition of "Roads and Streets" by Elliott, whose work is often quoted by this court, begins Chapter XLVIII with this statement:

" 'Once a highway always a highway', is an old maxim of the common law to which we have often referred, and so far as concerns the rights of abutters, or others occupying a similar position, who have lawfully and in good faith invested money or obtained property interests in

the just expectations of the continued existence of the highway, the maxim still holds good. Not even the legislature can take away such rights without compensation. Such, at least, is the rule which seems to us to be supported by the better reason and the weight of authority, although there is much apparent conflict as to the doctrine when applied to the vacation of highways."

Elliott further states on page 1678:

"The legislature, by virtue of its general power over the highways of the state, may, as we have said, undoubtedly order the vacation of such of them as it may deem expedient to vacate, but where the vacation of a highway will cause special injury to an adjoining owner he is entitled to compensation. It is substantially agreed by the courts that the abutter has a private interest in the road or street as such, and if he has this right it is property which can not be taken from him without compensation. * * * If this special right is of value —and it is of value if it increases the worth of his abutting premises—then it is property, no matter whether it be of great or small value."

We quote the above not because all of it is necessarily applicable to this case, but rather to show that the vacating of dedicated streets is not lightly to be viewed when it deprives others, and especially abutting land owners, of their use.

A corollary rule of law, and one recently stated in the case of Markstein v. City of Birmingham, 286 Ala. 551, 243 So.2d 661, held:

"We hold that where a street is partially vacated or obstructed, with no portion of the vacated or obstructed part abutting the land of the owner claiming damages on account of such vacation or obstruction, the owner is not entitled to damages if, despite the vacation or obstruction, he has reasonable access over

the street abutting his land to the general street or highway system."

In the present case, however, we are not dealing with damages, for none are sought, but with two aspects of § 32, Tit. 56, of our Code. Nor are we here dealing with a vacation of a street initiated by public authority to better serve the public interest where the rule of public necessity must override private convenience, but on the contrary we deal with a statutory provision whereby private interests may under prescribed circumstances deprive others of the use of a portion of an existing street in order to further the personal desires of such private interests. Such a statute should be strictly construed so that it not be an agency for oppression or misuse. The fact that sanction by governmental authority was necessary for the vacation to be effective does not change its nature.

That the statute must be followed is shown by Bass v. Sanders, 282 Ala. 546, 213 So.2d 391. This opinion by Justice Merrill holds ineffective an attempted vacation not approved by county authority.

Neither the pleadings nor the decree raises any question as to the constitutionality of the section, and it having long been the law that the legislative powers concerning our streets and highways can be delegated to cities and counties, we limit ourselves to a consideration of the construction of the above statute and its proper application to the stipulated facts. The statute is specific that the vacation of a street by the County Commission in which it is located "shall not deprive other property owners of such right as they may have to convenient and reasonable means of ingress and egress to and from their property and if such right is not afforded by the remaining streets and alleys, another street or alley affording such right must be dedicated". There can be no doubt, for

the stipulation so asserts, that the vacating of the western portion of Zundel Street did deprive the complainant of his only convenient means of ingress and egress to and from his property to Mobile Bay. Is the loss of this right compensated for the fact that he did have reasonable or convenient access to the general highway system? Before the street was vacated he had two valuable rights—one, to get to the open waters of the sea; the other to the open roads of land. Now he has but one, no other convenient street or alley affording access to the Gulf having been provided the complainant.

It is a matter of common knowledge of which we are not unaware that for those who live on or near the beautiful shores of our bays and gulf convenient access to them is of the greatest benefit and that such access enhances the value of such property. We know of no logical reason why § 32, supra, should not apply to ingress and egress to waterways as well as to highways. The fact that the complainant could conveniently get to a general highway system would be of no solace to him when deprived of his only convenient access to the waters of Mobile Bay and the Gulf beyond. We, therefore, hold that the closing of Zundel Street having deprived the complainant of his only convenient and reasonable ingress and egress to Mobile Bay, and no other substitute access having been provided as required in Tit. 56, § 32, the Circuit Court correctly set aside the attempted vacation and appropriately granted the related relief. The decree of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH, and MADDOX, JJ., concur.

APPENDIX

COMPLAINANT'S EXHIBIT A

On Rehearing

PER CURIAM.

Counsel for appellants in their brief in support of the application for rehearing have vigorously attacked the opinion heretofore rendered in this case.

In the early part of their brief counsel write:

"There is not a scintilla of information to be gleaned from the record which, under any previous authorities or precedents to be found, can be said to be the basis of any right in the owners of the Subdivision lots to access to the Bay, other than the general right they might share with the general public to pass over the roadway."

Such statement completely ignores the special right of the complainant Brodbeck in the nature of an easement appurtenant to his lot to use Zundel Street, or Zundel Lane, which right he acquired by virtue of the ownership of his lot in the subdivision, a plat which had been recorded in the Probate Office of Baldwin County on 25 January 1909.

Such specious premise is the starting point of several contentions set forth in the argument of counsel for appellants, and is destructive of the validity of such contentions. We therefore see no necessity for discussion of the arguments so premised.

Prior to statutes authorizing the annulment of plats, and the closing and vacating of streets, the general effect of platting land into blocks and lots, setting apart and designating intervening areas as streets, followed by a sale of lots with reference to such a map showing such streets, was to work an irrevocable dedication of the streets to the purchasers of the lots and to the general public. Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117.

We think the law governing the facts presented in this case is clearly set forth in Highland Realty Co., v. Avondale Land Co., 174 Ala. 326, 56 So. 716, in substance as follows:

1. Where one acquires a lot in a platted subdivision abutting on a street designated in the plat, he thereby acquires an easement of access to and from his lot over any of the public ways shown on the plat. This right is an incorporeal hereditament appurtenant to the lot in question, and is entitled to protection equally with corporeal estate if its use is materially threatened.

2. In addition to the private right above mentioned such lot owner, as a member of the general public, also acquires a right to the use of said street in the subdivision.

3. Where such dedicated street is attempted to be closed without the consent of the abutting lot owner by a vacation of the street, such action is "ominous of changes feared, and prophetic of evil" to the lot owner. In such case a remedy at law for damages is inadequate, and equity will intervene for the protection of the lot owners' rights.

Of necessity any statutory provisions relating to the vacating of a street, where an abutting lot owner has acquired an appurtenant easement in the use of the street, must be considered in the limiting influence of Section 23 of our Constitution which provides among other things that private property may not be taken for private use, or for the use of corporations, other than municipal, without consent of the owner; provided, however, the legislature may by law secure to persons or corporations the power of eminent domain, just compensation being first made to the owner where the power of eminent domain is exercised under the statutory provisions permitting the exercise of such power.

We note that Chapter 2, Title 56, Sections 12 through 25, contains provisions for the recordation of plats of subdivisions, and the effects of such recordation. Section 16 of said Chapter 2 affords a method for annulling such plats before any lots are sold in the subdivision.

Section 17 of Chapter 2 affords a method by which a street or alley shown in a recorded plat may be vacated by the owners of lots abutting on a street in a recorded plat, or abutting on the street or alley desired to be vacated. Section 17, or its progenitors, has been in four of our prior codes. At first reading it is difficult to ascertain any material difference between Section 17 and Section 32 of Article 1, Chapter 3 of Title 56 of our code, which section was set out in our original opinion.

However, in Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117, this court held that Section 17, when read in pari materia with Sections 13 and 20 of Chapter 2, necessitated the conclusion that Section 17 could have application only to the vacation of streets or alleys shown on a duly recorded plat, and could not apply to the vacation of streets or alleys shown on plats not so recorded.

It would appear that Section 32 would authorize the vacation of a street by abutting owners in a platted subdivision, whether such plat be recorded or not.

It is further to be noted that both Section 17 and Section 32 each specify that the effect of a vacation of a street is to divest "all public rights." Special rights of non-consenting owners abutting on that portion of a street not vacated, cannot be divested without dedicating for them another way of reasonable access, unless another reasonable access yet exists after the vacation of the street.

In 1931 an Act was passed providing for the vacation of streets at the instance of the governing body of either a municipality or of a county. This act appears as Article 1 of Chapter 3, Title 56, Sections 26–31 of our code.

Full provisions are set forth in this article for notice to the owners of lots abutting on the street to be closed, as well as notice to owners of other lots, if any, which will be cut off from access thereto over some other reasonable way. A hearing in the Probate Court on the matter is provided. If the Probate Court grants the petition to vacate the street, then three Commissioners are appointed to assess damages resulting to the lot owners. Upon the payment of damages assessed by the Commissioners, the Probate Court orders the street to be closed. Any aggrieved lot owner may within thirty days appeal from such order to the Circuit Court where the cause is tried de novo, with either party having a right to demand a jury trial.

Thus under Article 1, where the governing body of either a city or county seeks to have a street vacated, full protection is given any lot owner in a subdivision suffering a special injury.

In 1939, an Act was passed providing a method for vacation of streets by abutting landowners. This Act appears in our Code as Section 32, Article 2 of Chapter 3 of Title 56. As before stated, it is substantially the same as Section 17 of Chapter 3, Title 56, except that it apparently gives to abutting landowners the right to vacate a street whether the plat has or has not been recorded. We say this for the reason that no other sections appear in Article 2, and therefore it is not limited by other sections as is Section 17 of Chapter 2.

We have again considered our conclusions expressed upon original deliverance to the effect that Brodbeck would be deprived of a reasonable and convenient access to Mobile Bay by the vacating of Zundel Street. He had a special right in such access by reason of the easement appurtenant to his lot in the platted subdivision. We are in accord with the conclusions in this aspect expressed in our original opinion.

Counsel for appellants have charged in their brief that we have created a right to an easement of necessity available to all persons who may own land near a bay or body of water, but whose land is separated from such body of water by intervening landowners. After conjuring up such "right" counsel designates it as a way of necessity, for, as counsel states: "We refuse to believe that this court intends to declare some new and novel type of easement of joy and pleasure or easement of recreational convenience."

The froth of this argument is immediately dissipated by a reading of our original opinion, and the issues reviewed therein. No land separated from the bay by intervening landowners was involved. There was involved, however, the protection of a special right held by Brodbeck, i.e., an easement affording access to Mobile Bay.

Counsel for appellants ask that we consider "minutely" the cases of Jackson v. Birmingham Foundry and Machine Co., 154 Ala. 464, 45 So. 660; Chichester v. Kroman, 221 Ala. 203, 128 So. 166, and Markstein v. City of Birmingham, 286 Ala. 551, 243 So.2d 661.

*Jackson,* supra, sought to abate a nuisance caused by the erection of a fence across a road in a platted subdivision in an unincorporated section of Jefferson County. The legislature had passed an act vacating the street. The appellant's lot did not abut on the street, but was two blocks away from the portion of the street vacated, and there were "numerous convenient and reasonable ways of ingress" to appellant's lot. The court held that the appellant had no right in the vacated street apart from the one he had as a member of the general public.

In *Chichester,* supra, the complainant filed a bill to enjoin the erection of an apartment building which covered part of an alley. This alley was precipitous and little used and had previously been vacated by acquiesence of the City Commission of Birmingham on request of all of the owners of land abutting on the alley. *The complainant's lot did not abut on the alley,* and she had other access to her property, and yet another way to complainant's property was dedicated by the owners of the land abutting on the vacated alley. The lower court entered a decree in complainant's favor. This court reversed and rendered, holding that under the facts the complainant was not entitled to relief.

In *Markstein,* supra, demurrer was sustained to appellant's complaint, and a non suit was taken. The complaint showed that the plaintiff's property did not abut on the portion of the street obstructed by a deep cut made in connection with the construction of an expressway. The complaint alleged that two easterly access roads were blocked, leaving two westerly access roads to her lot. This court affirmed the action of the trial court in sustaining the demurrer, holding that the plaintiff had not alleged she was an abutting owner of the part of the street vacated, and the complaint on its face showed that reasonable access to her property had not been denied by the vacation of the portion of the street vacated.

After consideration of the above cases, we dot not consider the present case within their influence.

Even though Brodbeck's lot did not abut on the portion of Zundel Street vacated, he was effectively deprived of a convenient and reasonable means of ingress and egress to and from Mobile Bay, with no other way being afforded him by any remaining streets, or any other way dedicated for such purpose, nor was any other reasonably way to the Bay open to him.

■ Appellants argue that so long as Brodbeck was not derprived of a reasonable access to and from his property on the landward side, no injury to him resulted in the vacation of Zundel Street. Reasonable access to a body of water is truly a valuable right in the ownership of property should not be limited, as appellants contend, only to access by land.

Counsel for appellants also complain that we did not write to assignments of error 1, 2, 3, and 4, which relate to action of the court in overruling appellants' demurrers to the bill.

Assignments 1, 2, and 3, are addressed to the grounds of demurrer going to the bill as a whole.

■ It is appellants' contention that the bill shows on its face that it does not contain equity in that it does not show that the appellee suffered any infringement of a right peculiar to him and different from that suffered by the public, and further that the bill fails to show that the appellee

owned any land abutting on the portion of the street vacated, nor does it show that Brodbeck was deprived of a reasonable access to a general highway system.

The bill avers that complainant was the owner of a lot abutting on Zundel Street, dedicated by recordation of the plat of the subdivision; that Zundel Street has been used as a public road since its dedication, *"and by complainant and other owners abutting on said lane and owning property in the subdivision"* as an access road to Mobile Bay to use the waters for bathing, fishing, and other aquatic uses. The bill further avers that the respondents have obstructed the road "against its use *by complainant* and the general public *and other users of said land including the residents of the subdivision."* (Emphasis ours.)

The bill of complaint does show therefore that the complainant had a special right in the maintenance of Zundel Street, as well as a right as a member of the public. In this aspect the bill was not lacking in equity in that it shows that Brodbeck did have a special right in the maintenance of an access way to Mobile Bay. No error resulted in sustaining the demurrer to the bill as a whole because of the above asserted grounds.

Assignment of error 4 charges error in overruling the demurrer to the bill on that ground asserting that complainant was not entitled to injunctive relief.

Under the facts averred in the bill, if proven, the complainant was entitled to injunctive relief. All the essential facts were stipulated. The complainant was therefore entitled to injunctive relief. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716. See also Lybrand v. Town of Pell City, 260 Ala. 534, 71 So.2d 797.

Opinion extended. Application overruled.

HEFLIN, C. J., and HARWOOD, BLOODWORTH and MADDOX, JJ., concur.

COLEMAN, J., concurs only in overruling the application for rehearing.