L. CHARLES WRIGHT, Retired Appellate Judge.
Walter Hammond is one of the owners of Block 5 in Lagoon Estates wherein Lagoon *708 Drive is located. Hammond purchased the property for the purpose of developing Sunset Village Marina Condominium.
George Phillips is the Coordinator of Community Development for the Town of Gulf Shores, Alabama, and the person to whom application for a building permit in Gulf Shores is submitted. In October 1984, Phillips returned Hammond’s Site Plan Submittal with a letter explaining that it could not be brought before the Planning Commission or the Town Council for approval at that time because the section of Lagoon Drive that Hammond proposed to utilize in this project had not been vacated according to the records of that office and because he had not obtained the necessary permits from the Corps of Engineers prior to submittal for site plan review. Thereafter, Hammond filed a petition for declaratory judgment in Baldwin County Circuit Court.
In his petition for declaratory judgment, Hammond sought a determination of the validity of an attempt to vacate a portion of Lagoon Drive in 1956. Hammond also requested that the trial court award him damages for the alleged failure of Phillips to present his site plan for a development project to the appropriate agencies for review.
At the hearing before the trial court, the parties entered into a stipulation of facts, which are of record. The testimony at the hearing was limited to the question of the validity of the 1956 attempt to vacate Lagoon Drive. The trial court reserved the right to consider evidence on the issue of damages, until after a determination of the vacation issue.
The trial court issued a judgment, finding that the attempted vacation in 1956 was fatally flawed and, therefore, a nullity because the provisions of the applicable code section were not satisfied. Hammond appeals.
Hammond contends that the trial court erred when it found that Lagoon Drive was not properly vacated. He argues that the absence of a recorded declaration of vacation does not invalidate the vacation because the landowners requesting the vacation in 1956 went beyond the requirements of the applicable statute and procured the assent of the County Commission. The written request of the landowners was recited in the minutes of that meeting of the Baldwin County Commission in October 1956, along with the resolution adopted at the same meeting. This resolution was recorded in February 1957. Hammond argues that, because these actions of the landowners in 1956 substantially complied with the applicable statute and the recorded resolution gave notice of the vacation, the trial court should have found that Lagoon Drive had been properly vacated in 1956.
The parties stipulated that in 1956 the statutory requirements necessary to effect the vacation of a street or alley dedicated to the public were set forth in Code of Ala. (1940), Title 56, Sections 17 and 82. These code sections specifically call for the adjoining landowners to join in a written instrument declaring the vacation of the street. Further, these statutes provide that the instrument is to be executed, acknowledged, and recorded as one would a document which conveys real property. The parties stipulated that no such declaration by written instrument has been found on file in the office of the Judge of Probate of Baldwin County, Alabama.
In this case the landowners were not required to get the assent of the county commission, evidenced by a resolution, even though it was located outside the municipality because it was not and never had been used as a public road. Nevertheless, the landowners did obtain and record a certified copy of such a resolution regarding the vacation. It is this recorded resolution which Hammond contends substantially complied with the statutory requirements. But, we note that the applicable code sections provide that a certified copy of this resolution “must be attached [therejto, filed and recorded with the declaration of vacation.” Title 56, Sections 17 and 32, Ala.Code (1940). There was no such declaration “attached, filed and recorded.”
*709 Our supreme court has held that statutes such as Title 56, Sections 17 and 32, Code of Ala. (1940), should be strictly construed so that such statutes cannot be instruments of oppression or be misused and abused. McPhillips v. Brodbeck, 289 Ala. 148, 266 So.2d 592 (1972). Therefore, all procedural requirements under such statutes must be met. This was demonstrated in Bass v. Sanders, 282 Ala. 546, 213 So.2d 391 (1968), when the court found that an attempted vacation was not effective because the landowners did not get the required approval from the county’s governing body.
Based upon our review of the applicable case law, we agree with the trial court’s conclusion that the attempted vacation of a portion of Lagoon Drive in 1956 was fatally flawed and, therefore, void.
Hammond also raises a second issue on appeal. He contends that the Town of Gulf Shores (and its agent Phillips) is barred by laches or estoppel to deny the validity of the 1956 vacation of a portion of Lagoon Drive. In his brief Hammond fails to cite any legal authority for such a proposition. When there are no legal authorities cited or argued for an issue, it is as if there has been no such argument made. Super X Drugs, Inc. v. Martz, 51 Ala.App. 370, 286 So.2d 47 (Ala.Civ.App.1973). Consequently, we will not consider this issue.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.