PITTMAN, Judge.
The City of Mobile (“the City”) appeals from a summary judgment entered in favor of Pinto Island Land Company, Inc. (“Pinto Island”), in Pinto Island’s action to prevent the City from vacating a portion of a public street abutting a parcel of property owned by Pinto Island.
Pinto Island owns a parcel of real property (“the property”) located within the City’s corporate limits, and it leases the property to a shipbuilding company. On March 8, 2005, pursuant to Ala.Code 1975, § 23-4-2, the City adopted a resolution stating that it was in the public interest to vacate a portion of Short Texas Street, a public street that abuts the property. Pinto Island appealed from the City’s decision to the Mobile Circuit Court, pursuant to Ala.Code 1975, § 23-4-5.[1]
In the circuit court, Pinto Island filed a motion, supported by various evidentiary submissions, seeking a summary judgment declaring the City’s vacation resolution void. The motion and supporting affidavits asserted that vacating a portion of Short Texas Street would deprive Pinto Island of its “only means” of ingress to and egress from the property. The City responded to Pinto Island’s summary-judgment motion by submitting affidavits and documentary evidence indicating that vacating a portion of Short Texas Street would not deprive Pinto Island of reasonable and convenient means of accessing the property.
After hearing the arguments of counsel, the circuit court entered a summary judgment on May 30, 2006, in favor of Pinto Island. That judgment specifically determined that the City’s resolution vacating a portion of Short Texas Street had violated § 23-4-2(b), Ala.Code 1975, because that vacation, according to the circuit court, deprived Pinto Island “of its reasonable and convenient access to its property and failfed] to provide Pinto Island with other reasonable and convenient access to its property.” After the City’s postjudgment motion was denied, the City appealed.
The City contends that Pinto Island has not been denied “reasonable and convenient access to its property” and that the City has not violated § 23-4-2(b), Ala. Code 1975. Moreover, the City asserts that whether Pinto Island has such access is a question of fact. In addition, the City states that the circuit court erred in granting Pinto Island’s summary-judgment motion because, the City claims, it adduced substantial evidence to rebut Pinto Island’s contention that vacating a portion of Short Texas Street would result in the loss of reasonable and convenient access to its property.
Our standard of review is well settled:
*1250 “A summary judgment is proper where ‘the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(8), Ala. R. Civ. P. When a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the party is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether a summary judgment is proper, a court must construe the evidence in a light most favorable to the nonmoving party, and all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993).”
Telfare v. City of Huntsville, 841 So.2d 1222, 1226-27 (Ala.2002).
The record establishes the following pertinent facts. The property owned by Pinto Island is situated along the Mobile River, near the river docks in downtown Mobile. The property is bordered on the east by the waterfront and on the west by Old Water Street, which runs north and south along the entire length of the property. Short Texas Street, which runs east and west, abuts the property at the point where that street intersects Old Water Street. The portion of Short Texas Street that was vacated by the City’s resolution includes that portion of Old Texas Street that abuts the property. After the vacation, the only public street abutting the property was Old Water Street, which could be accessed either by Elmira Street or Palmetto Street; those two streets are parallel to, and north of, Short Texas Street.
Old Water Street originally had a total width of 50 feet, but railroad tracks, running generally north and south, later occupied approximately 30 feet of the westernmost part of that street. The remaining usable road surface abutting the property has a width of approximately 20 feet. Vehicles approaching the property must turn onto Old Water Street from Elmira or Palmetto Streets before proceeding south to the point where the entry gate to the property opens onto Old Water Street. The undisputed evidence indicated that even before the City vacated the pertinent portion of Short Texas Street, vehicles entering the property were required to turn south onto Old Water Street to access the entry gate to the property, which is located several hundred feet south of the intersection of Short Texas Street and Old Water Street.
Alabama’s street-vacation statute, as amended, requires that when a county or municipality desires to vacate a street, alley, or highway, or any portion thereof, the proposed vacation must be advertised for four weeks in a local newspaper, a public hearing must be held, and abutting landowners must be notified of the proposed vacation and the date of the public hearing before a vacation resolution may be adopted. See § 23-4-1 et seq., Ala.Code 1975. In addition, the Code stipulates that a street vacation cannot deprive “property owners of any right they may have to *1251 convenient and reasonable means of ingress and egress to and from their property” and further provides that “if that right is not afforded by the remaining streets and alleys, another street or alley affording that right must be dedicated.” See § 23-4-2(b), Ala.Code 1975.
Pinto Island submitted a survey and the deposition testimony of W.L. Lawler III, whose survey indicated the previously described boundaries of Pinto Island’s property. Pinto Island also offered the deposition testimony of Gary D.E. Cowles, who opined that oversized trucks and large hauling trucks would not be able to negotiate the turn from either Elmira Street or Palmetto Street onto Old Water Street without crossing into the oncoming lane of traffic, thereby violating the standard rules of the road.
In contrast, the City submitted deposition testimony from William J. Metzger, the City’s traffic engineer, who opined that vacating the pertinent portion of Short Texas Street would not deprive Pinto Island of reasonable and convenient access to the property because the property in question abuts a lengthy portion of Old Water Street and has other access points, including Elmira Street and Palmetto Street. Directly contradicting Cowle’s testimony, Metzger offered his opinion that “large semi-trailer trucks” could access the property by turning from Elmira Street onto Old Water Street without leaving the dedicated rights-of-way of either street.
Our Supreme Court has previously noted that any private right of abutting owners to a vacated street is “entirely and completely subordinate to the public right, and any invasion of the street in the way of private use can be justified only on the ground of public necessity.” Thetford v. Town of Cloverdale, 217 Ala. 241, 243, 115 So. 165, 167 (1927). In addition, when comparing a private citizen’s interest in a public street to that of a government’s interest in vacating a street, our Supreme Court pointed out that “a vacation of a street initiated by public authority to better serve the public interest [is a situation] where the rule of public necessity must override private convenience.” McPhillips v. Brodbeck, 289 Ala. 148, 154, 266 So.2d 592, 598 (1972). In McPhillips, our Supreme Court reversed a judgment upholding the vacation of a portion of a public street because the vacation had deprived the plaintiff of his only means of access to his property and Mobile Bay. In the instant case, however, Pinto Island continues to have the means to access its property through the use of at least two alternate streets that intersect Old Water Street, a public thoroughfare that abuts the entire length of the property.
In reading the trial court’s summary judgment, it appears that the trial court entered that judgment in favor of Pinto Island based upon a determination that the City’s vacation of the pertinent portion of Short Texas Street deprived Pinto Island of “reasonable and convenient access” to the property, thereby violating § 23-4-2(b). However, when viewed in the light most favorable to the City as the nonmov-ant, the record indicates that substantial evidence was adduced establishing that Pinto Island still retains at least two viable alternative routes to access the property located on Old Water Street. Our Supreme Court has stated that in considering the propriety of the vacation of a public street, “[i]t is not a question of comparing conveniences or desirability, but whether there is left or provided some other reasonably convenient way.” Chichester v. Kroman, 221 Ala. 203, 206, 128 So. 166, 169 (1930); see also Elmore County Comm’n v. Smith, 786 So.2d 449 (Ala.2000). Moreover, the City’s resolution to vacate a portion of Short Texas Street is *1252 prima facie evidence that such action is in the public’s best interests. See Chichester and McPhillips, supra.
Because we conclude that the City adduced substantial evidence to rebut Pinto Island’s contention that vacating a portion of Short Texas Street would result in the loss of reasonable and convenient access to its property, we must reverse the trial court’s summary judgment in favor of Pinto Island and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, J., concur.
BRYAN, J., dissents, with writing, which MOORE, J., joins.

. That statute, as amended by Act No. 2004-323, Ala. Acts 2004, which became effective July 1, 2004, entitles any party affected by the vacation of a street to de novo review via appeal to the appropriate circuit court.