62 So.2d 918

LOGAN et ux. v. LOGAN et ux.

5 Div. 542.

Supreme Court of Alabama.

Jan. 19, 1953.

318

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellants.

A. B. Foshee, Clanton, for appellees.

FOSTER, Justice.

This is an appeal by the respondents from a decree overruling their demurrer to a bill of complaint by appellees.

The bill was filed April 1, 1952, to obtain the benefit of section 15, Title 20, Code, providing that when a conveyance of realty is made, of which a material part of the consideration is an agreement by the grantee to support the grantor during life, is void at the option of the grantor, if during the life of the grantor he takes proceedings in equity to annul the conveyance.

The deed is alleged to have been made November 18, 1932. The consideration was alleged not only to be to support the grantor for life, but also for the grantor to reserve a life estate in the land. The deed made no mention of such reservation, nor of the provision for the support of the grantor. The bill does not allege whether the agreement for the life estate or for the support of the grantor was in writing apart from the deed. The deed recites no other consideration than $1,200, payment of which is acknowledged.

The bill does not allege who has had possession since the deed was made. Nor is there a time limit by the statute as to the performance, except it must be exercised during the life of the grantor. Laches is not set up by demurrer to the bill nor otherwise.

The only contention made by appellants are: (1) that the bill does not allege whether the agreement alleged to be a material part of the consideration was verbal or written; and (2) the bill does not show with accuracy and clearness all matters essential to complainants' right to

relief. We will therefore consider only those contentions. As to the first, we need only cite Dabney v. Grover, 250 Ala. 696, 35 So.2d 913, as decisive of that contention against the insistence of appellants. There are numerous other cases to the same effect. As to the second contention, we observe that the bill follows substantially the language of the statute, as expressed also in Freeman v. Freeman, 249 Ala. 255, 30 So.2d 669.

Appellants argue also that the reservation of a life estate by the grantor has some bearing upon the right to exercise the option in question. We do not see the pertinancy of it. The bill is not seeking to enforce that claim, otherwise recognizing the force and effect of the deed. So far as here material, it is wholly unimportant that such a reservation was made or whether it was in writing. The bill seeks to vacate the deed in its entirety, not to secure a life interest, and alleges the existence of facts which support the claim. Further discussion is not necessary.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.