This appeal involves a claim by a father for rescission of deeds to his son that the father claims were executed in consideration of a promise of support. Such an action is authorized by Ala. Code 1975, § 8-9-12. There are other claims in the action below, but the trial court granted summary judgment for the son on this claim and entered a final judgment on it pursuant to Rule 54(b), Ala.R.Civ.P. The only issue presented is whether the father presented sufficient evidence that such a promise of support was a material consideration for the deeds to withstand the son's motion for summary judgment.
Walter Posey ("Walter Sr.") filed this action against Walter Posey, Jr. ("Walter Jr."), Walter Jr.'s wife Mary Ann Posey, and another individual who is not a party to this appeal. Walter Sr. had executed two deeds to Walter Jr. and Mary Ann. The first was executed on December 28, 1979, and the second was executed on March 21, 1987. Both deeds purported to convey a parcel of property on which was situated a motel that Walter Sr. lived in and operated.
The 1979 deed recited as consideration $10 cash, the assumption of a purchase money mortgage given by Walter Sr. to his grantor with an unpaid balance of $30,184.81, and "a second mortgage in the amount of one hundred thousand dollars to be paid periodically in even sums of ten thousand dollars or more beginning not later than the first of March 1980." The deed contained the following reservation, which we reproduce as closely as possible from the copy in the record:
 "Walter Posey and wife Lula Mae Posey jointly reserves life tenancy in the above property in event of either one of them dies the life tenancy will revert to the other one in its entirety the same as if both were living. We also reserve the right to abandon this property and re-occupy it at our own pleasure as long as we both live or either one lives. This Life Tenancy shall consist of one or more rooms of our choice with a minum cash payment of $419.00 per month, with total subsistence to cover our entire living expenses, which, will include eats, clothing, medical, transportation, maid service, nursing or any other necessary expenses. This is not to exceed the rental rate of the motel and to be supplied by the operator or operators of the motel out of motel earning."
The 1987 deed reads in material part:
 "WHEREAS, on December 28, 1979 the undersigned Grantor and Lula Mae Posey made and executed a warranty deed in favor of the Grantees herein, which said deed was recorded in the Office of the Judge of Probate of Franklin County, Alabama on December 28, 1979; and
 "WHEREAS, under the terms of said deed dated December 28, 1979 there were reserved and set forth certain life tenancies, reversions, liens and other conditions; and
 "WHEREAS, the said Lula Mae Posey is now deceased and the undersigned Grantor is desirous of making and executing the within deed for the purpose of vesting the full fee simple title to the hereinafter described real property in said Grantees free and clear of said life tenancies, reversions, liens and other conditions set forth in said deed dated December 28, 1979; and
 "WHEREAS, Grantor has forever released and discharged and does by these presents forever release and discharge Grantees and the hereinafter described *Page 1331 
real property of and from any and all obligations, liens and liabilities under the terms of said deed dated December 28, 1979 or otherwise, now therefore,
 "FOR AND IN CONSIDERATION of the premises and in further consideration of the sum of TEN AND NO/100 ($10.00) DOLLARS cash in hand paid to Grantor by Grantees, the receipt and sufficiency of which is hereby acknowledged, Grantor by these presents does hereby grant, bargain, sell and convey unto Grantees [the motel property]."
The original complaint states that Walter Sr. seeks relief under § 8-9-12 and damages for fraud, then recites facts and allegations, including the following:
 "Defendants, Walter Posey, Jr. and Mary Ann Posey, hold a deed or deeds to the Shoemaker Motel in Russellville, Alabama. Unpaid purchase money is recited in the first deed to these defendants. That money has never been paid. Representations of lifetime support were made to Walter Posey by Walter Posey, Jr. . . . to secure the conveyances to the property. . . .
 "The promises of support were material to Walter Posey executing each of the deeds. The payment of the mortgage sum plus interest was to be a part of that support in addition to it being a just debt. The father holds a $100,000.00 mortgage on which no payments of principal or interest have been made by Walter Posey, Jr."
The complaint includes allegations that Walter Sr. had spent money on improvements and had paid the full amount secured by the purchase money mortgage mentioned in the first deed. It continues with allegations of Walter Jr.'s interference with Walter Sr.'s control and occupancy of the motel. Among the relief sought is that the "[c]onveyances be set aside for fraud and under other applicable law." Three amended complaints followed, but none amended the claim to have the deed set aside under § 8-9-12.
Walter Jr. filed a motion for summary judgment supported by his affidavit, which simply recited the execution and delivery of the 1987 deed and concluded: "In the opinion of the undersigned, Walter Posey (Sr.) fully comprehended what he was doing at the time he made and executed such deed and delivered the same and fully understood the nature of the act of executing and delivering such deed."
Walter Sr. executed an affidavit in response that included the following:
 "I am 81 years of age, I am the father of Walter Posey, Jr., the defendant in the above action.
 "In 1987 I signed a paper of some kind for Walter, Jr. I don't remember it being the paper that he has attached as exhibit A to his affidavit [the 1987 deed]. I did not deliver any exhibit A to Walter, Jr. or Mary Ann. I do not know when or if the paper was filed. I was not paid the $10.00 named in the paper.
". . . .
 "I have read the Exhibit A to the Affidavit of Walter, Jr. Nowhere in that affidavit does it say that the document recite[s] all the consideration that passed or was to pass between the parties. Nowhere in the document does it say that the document dated March 21, 1987 represents the entire agreement between the parties. I have a deed to the business name and Walter, Jr. is using that business name without my permission. Never has Walter, Jr. paid the purchase money recited in the first deed from me to him.
 "Walter, Jr. admitted to the Circuit Judge at the first temporary hearing [on the prayer for a preliminary injunction] that he was supposed to support me. Up to now I have enjoyed good health and have made more money for him than he has for me. He promised me support for the first deed and the second deed. He promised me rent free use of two rooms of my choice in the motel and the common facilities.
". . . .
 "Walter, Jr. promised to support me, care for me and provide me the things I needed for my lifetime. As an inducement for each deed or similar paper that has been signed concerning the motel I *Page 1332 
would have not signed the deeds that I did sign without his promises of lifetime support and care. He said he would take care of me as long as I lived to get me to sign each deed. I do not remember the last deed being like that shown on Exhibit A to Walter, Jr.'s affidavit dated January 19, 1988."
The trial court entered the following order after a hearing on the summary judgment motion:
"[T]he court finds as follows:
 "1. The conveyance by the plaintiff to the defendants Walter Posey, Jr. and Mary Ann Posey on March 21, 1987, contained no promise by the defendants to support the plaintiff during his lifetime so as to constitute a material part of the consideration for the said conveyance.
 "2. Parol testimony to show such consideration is not clear, satisfactory and convincing to the Court.
 "3. As to the threshold issue of whether the plaintiff is entitled to set aside the said conveyance of March 21, 1987, on the ground of fraud or otherwise, there is no genuine issue of material fact, and that [sic] summary judgment is appropriate in this case.
 "Therefore, it is hereby ORDERED, ADJUDGED and DECREED by the Court that the defendants' motion for summary judgment is granted as to the plaintiff's claim for relief based upon the defendants' alleged fraud."
The court later made this judgment final pursuant to Rule 54(b), Ala.R.Civ.P.
Section 8-9-12 reads:
 "Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance."
A grantor proceeding under this section does not have to prove that the grantee fraudulently made the promise of support, or even that the grantee has breached the promise.Vaughn v. Carter, 488 So.2d 1348 (Ala. 1986); Webb v. Bank ofBrewton, 265 Ala. 568, 93 So.2d 154 (1957); McAdory v. Jones,260 Ala. 547, 71 So.2d 526 (1954).
The 1987 removal of the life estate reserved in the 1979 deed[1] is not necessarily evidence that a promise of support did not constitute a material part of the consideration for the 1987 deed. It has been held that a reservation of a life estate is not necessarily inconsistent with such an agreement. Vaughnv. Carter, supra; Logan v. Logan, 258 Ala. 317, 62 So.2d 918
(1953); Walker v. Walker, 256 Ala. 195, 54 So.2d 281 (1951). Given that such a reservation may in some cases be inconsistent with an agreement to support, it cannot be true that such a reservation is necessary to show that such an agreement was part of the consideration for the deed. Although the removal of the reservation could be considered as evidence that the 1987 deed withdrew the earlier promise of support as consideration for the transaction, that removal is not conclusive evidence of such a withdrawal, as we shall explain.
"Parol evidence may be used to prove such an agreement as consideration so long as it does not contradict a written statement of the full consideration." Vaughn v. Carter, supra, at 1350, citing Isenhower v. Finch, 278 Ala. 684, 180 So.2d 448
(1965); Grady v. Williams, 260 Ala. 285, 70 So.2d 267 (1953); and Dennis v. West, 248 Ala. 90, 26 So.2d 263 (1946). The 1987 deed did not express any consideration except $10 cash and Walter Sr.'s desire to vest "full fee simple title" in Walter Jr. and Mary Ann. Thus, parol evidence is admissible to show the true consideration. Massey v. Massey, 246 Ala. 396,20 So.2d 790 (1945). There is evidence in the record that the 1987 deed was an attempt to clear the record title so that Walter Jr. could use the property as security *Page 1333 
for a loan to make improvements on the property. We see no reason why the parties could not retain the agreement of support as between themselves and yet give Walter Jr. more marketable title. Of course, if Walter Jr. had conveyed or mortgaged the property after the execution of the 1987 deed[2] to a third party without notice of the alleged agreement, which was not reflected in the deed, Walter Sr. could not defeat such a third party's interest in the property.
The trial court, in its second finding, stated that the parol testimony of a promise of support was not clear, satisfactory, and convincing. This standard is the correct one for the finder of fact to apply to the evidence following a trial of a case such as this one. Mullinax v. Mullinax, 495 So.2d 646
(Ala. 1986); Vaughn v. Carter, supra; Entrekin v. Entrekin,388 So.2d 931 (Ala. 1980); Cooper v. Cooper, 289 Ala. 263,266 So.2d 871 (1972). It is not the correct standard for summary judgment, however; the correct standard is whether, in opposition to a prima facie showing to support the defendants' summary judgment motion, Walter Sr. has produced substantial evidence to show that a genuine issue as to a material fact exists so that Walter Jr. and Mary Ann are not entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Ala. Code 1975, § 12-21-12.
The record certainly shows substantial evidence that a promise of support was a material consideration for the 1979 deed — e.g., the vaguely defined $100,000 debt and the life estate, at least when viewed in light of Walter Sr.'s evidence that he continued to operate the motel, that his health was still good, that he had made more money for Walter Jr. than vice versa, and that Walter Jr. had paid neither debt mentioned. There is no evidence of any new consideration flowing to Walter Sr. for the 1987 deed, so the record would support either a finding that an earlier promise of support was a continuing consideration for the conveyance or a finding that the 1987 deed reflects an outright gift of the property. Walter Sr.'s evidence tends to preclude a finding of an outright gift. Of course, his affidavit is unequivocal that a promise of support was a material part of the consideration for the 1987 deed.
Thus, a disputed question of material fact is presented on the record, and the trial court erred in entering summary judgment for the defendants upon resolving this dispute in their favor. The judgment is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] We make no judgment as to the effect of the inartfully drafted reservation in the 1979 deed, except to say that the apparent purpose was to reserve some sort of life estate in Walter Sr. and his then-living wife.
[2] We do not here consider the effect, if any, of Walter Sr.'s statement in his affidavit that he did not "remember the last deed being like" the 1987 deed.