STEAGALL, Justice.
In March 1982, James W. Fordham purchased a parcel of real estate in Cleburne County, Alabama. A dirt road extended across that property to an adjoining parcel of real estate owned by Percy L. Owen. The dirt road, known as “Beaver Lane Road,” connects with another road known as “Lambert Road” or “Owen Road”; both are considered public roads.
Within a year of the purchase, Fordham made improvements on the land, such as clearing both sides of the road, placing gravel on the road, fencing both sides of the road, and planting cedar trees along the sides of the road. Soon after Fordham made these improvements, he began to notice an increase in traffic on the road, followed by incidents of people gathering to “drink” and “shoot bottles.” Fordham soon discovered that certain items on his property were missing, including approximately “ten head of cattle”; some of the missing cattle were subsequently found dead, having been shot.
Because of the problems caused by the traffic, Fordham discussed closing Beaver Lane Road with Owen. Both men agreed that Beaver Lane Road should be closed *568 because of the problems that had occurred, and they agreed to take their proposal to close the road before the Cleburne County Commission.
Fordham, Owen, and Owen’s son attended the April 1, 1983, Commission meeting and proposed that Beaver Lane Road be closed. The Commission adopted a resolution that day calling for the road to be closed after an announcement of the road closing had appeared in The Cleburne News each week for three weeks. The newspaper advertisement was to serve as notice to all who may have had objections to the road closing to voice their objections to the Commission by May 4, 1983. As of May 13, the Commission had not received any objections, and on that date it adopted another resolution, resolving that Commission Chairman Mac Smith “get with the postmaster about closing the road on Ford-ham’s property.”
On June 4, 1983, Owen filed an objection to the closing of Beaver Lane Road. The road remained open and continued to be serviced by the county until February 1989, when Fordham physically blocked Beaver Lane Road at both ends of his property. On February 6, Owen and his son attended another Commission meeting and requested that the Commission require Fordham to open the portion of Beaver Lane Road that crossed Fordham’s property. The Commission then adopted another resolution, resolving that Sheriff Jack Norton speak to Fordham about reopening the road and stating that the road had been closed without the approval of the Commission. However, on February 13, the Commission rescinded that resolution and announced that it was the Commission’s position that the closing of that portion of Beaver Lane Road on Fordham’s property would have to be decided by the courts. The Commission filed a declaratory judgment action on March 30, 1989, seeking a determination on the status of Beaver Lane Road. On December 1, 1989, Fordham filed a “Declaration of Vacation” of the road.
On February 9, 1990, the court conducted a nonjury trial and on April 6, 1990, entered a judgment declaring that the road was a public road and that the Commission had not vacated the road, based on a finding that the Commission had not complied with the requirements of Ala.Code 1975, §§ 23-4-2 and 23-4-20. In addition, the trial court ordered Fordham to remove all barriers, to repair the road, and to refrain from interfering with vehicular or pedestrian traffic on the road.
Fordham appeals, raising a single issue: Whether the trial court erred in finding that the Commission had failed to comply with §§ 23-4-2 and 23-4-20. Fordham concedes that Beaver Lane Road is a public road, but argues that he and the Commission fully met the requirements under § 23-4-20.
First, we note that our review of the trial court’s ruling in this matter is governed by the familiar ore tenus rule. Under that rule, the decision of the trial judge, sitting without a jury, based upon disputed facts presented orally to the court, is presumed to be correct and will be affirmed on appeal as long as that decision “ ‘is fairly supported by credible evidence under any reasonable aspect and is not palpably wrong or manifestly unjust.’ ” Charles Israel Chevrolet, Inc. v. Walter E. Heller & Co., 476 So.2d 71, 73 (Ala.1985), quoting Whitt v. McConnell, 360 So.2d 336, 337 (Ala.1978). With this standard in mind, we address the merits of Fordham’s claim.
Section 23-4-20 provides the following:
“(a) Any street or alley may be vacated, in whole or in part, by the owner or owners of the land abutting the street or alley or abutting that portion of the street or alley desired to be vacated joining in a written instrument declaring the same to be vacated, such written instrument to be executed, acknowledged and recorded in like manner as conveyances of land, which declaration being duly recorded shall operate to destroy the force and effect of the dedication of said street or alley or portion vacated and to divest all public rights, including any rights which may have been acquired by prescription, in that part of the street or alley so vacated; provided, that if any *569 such street or alley is within the limits of any municipality, the assent to such vacation of the city council or other governing body of the municipality must be procured, evidenced by a resolution adopted by such governing body, a copy of which, certified by the clerk or ministerial officer in charge of the records of the municipality must be attached to, filed and recorded with the written declaration of vacation; and if any such street or alley has been or is being used as a public road and is not within the limits of any municipality, the assent to such vacation of the county commission of the county in which such street or alley is situated must be procured, evidenced by resolution adopted by such board or court, a copy of which, certified by the head thereof, must be attached to, filed and recorded with the declaration of vacation. Such vacation shall not deprive other property owners of such right as they may have to convenient and reasonable means of ingress and egress to and from the property, and if such right is not afforded by the remaining streets and alleys, another street or alley affording such right must be dedicated.”
The proper procedures required to enforce § 23-4-20 are found in § 23-4-2, which provides:
“(a) The governing body of the municipality where the street, alley or highway, or portion thereof, to be closed and vacated is situated in a municipality and, in other cases, the county commission of the county in which the street, alley, highway, or portion thereof, is situated shall, after causing to be published in a newspaper once a week for three consecutive weeks in the county a notice which shall describe the street, alley, highway or portion thereof proposed to be closed and vacated and also give the date of the hearing, first adopt a resolution to the effect that it is in the public interest that such street, alley, highway or portion thereof be closed and vacated; and thereafter, such governing body may file in the office of the judge of probate in the county in which such street, alley or highway, or portion thereof, is located, its petition requesting the closing and vacating of such street, alley or highway, or such portion thereof.
“(b) The petition shall describe with accuracy the street, alley or highway, or portion thereof, to be closed and vacated and shall give the names of the owner or owners of the abutting lots of parcels of land and also the owner or owners of such other lots of parcels of land, if any, which will be cut off from access thereby over some other reasonable and convenient way. The petition shall further set forth that it is in the interest of the public that such street, alley or highway, or portion thereof, be closed and vacated, and that a resolution to that effect has been adopted by the governing body of the municipality or county, as herein-before set forth.
“(c) Thereupon, the probate court shall set the petition for hearing and shall issue notice of the pendency of the petition to the persons named in the petition. Such notice shall be served upon the said abutting owner or owners and also the person or persons, if any, named in the petition whose access will be affected, resident in this state as civil process is now served, not less than 10 days prior to the hearing of the petition.”
In addition, we have stated before that public streets, alleys, or highways can be closed and vacated by counties or municipalities in accordance with Ala.Code 1975, §§ 23-4-1 through -6, or by “abutting landowners” in accordance with § 23-4-20. Bownes v. Winston County, 481 So.2d 362 (Ala.1985). However, there is a common law prohibition against the vacation of public ways. Id. at 363; Booth v. Montrose Cemetery Association, 387 So.2d 774 (Ala.1980). Thus, the vacation statutes are in derogation of the common law prohibition against the vacation of public ways and must be strictly construed. Gwin v. Bristol Steel & Iron Works, Inc., 366 So.2d 692 (Ala.1978); see, also, Bownes v. Winston County, supra. All procedural requirements under the statutes must be met. Hammond v. Phillips, 516 So.2d 707 (Ala. *570 Civ.App.1987) (citing Bass v. Sanders, 282 Ala. 546, 213 So.2d 391 (1968)).
The facts present a clear case of noncompliance by the Commission. The record shows that in 1983 the Commission adopted a resolution indicating its intent to close Beaver Lane Road after a published announcement had appeared in the local newspaper once a week for three consecutive weeks. The announcement was published as requested. No objections to the Commission’s proposals had been received as of May 4, 1983, the date stated in the announcement by which objections were to be received. On May 13, 1983, the Commission again adopted a resolution related to closing the road. On June 4, 1983, Owen filed an objection to the road closing. For nearly six years, the matter remained dormant.
In February 1989, when Fordham closed the road, the Commission adopted a resolution that included a statement that Ford-ham had closed the road “without approval of the county commission.”
The evidence shows numerous and obvious incidents of noncompliance with the applicable statutes. A particular fact stands out: The Commission did not adopt a clear and unequivocal resolution closing Beaver Lane Road. On several occasions, the Commission made reference to an intent to close the road, but the Commission did not complete the process and did not meet the strict standards set out in §§ 23-4-2 and 23-4-20. Thus, the trial court’s holding that the Commission had not vacated the road and its injunction against Ford-ham’s interference with the road were based on findings that were well supported by the record. The judgment is, thus, due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.