STEAGALL, Justice.
Arlington Smith sued his daughter, Barbara Ann Riddlespur, to set aside a warranty deed he had given her as void pursuant to Ala.Code 1975, § 8-9-12.[1] That statute reads:
“Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance.”
After an ore tenus hearing, the trial court entered the following order:
“This cause coming on to be heard upon the Complaint of the Plaintiff was submitted for judgment on the pleadings and proof ore tenus. Upon consideration thereof, the Court finds as follows:
“1. That by Warranty Deed dated April 9, 1984, the Plaintiff, Arlington Smith, transferred title to the real property, which is the subject of this lawsuit, to his daughter, Barbara Ann Riddles-pur, now deceased, and that said deed retained no life estate or any other interest and contained no language providing for the support and maintenance of the grantor, Arlington Smith, by the grantee, Barbara Ann Riddlespur.
“2. That upon the request of the Plaintiff, Arlington Smith, Barbara Ann Riddlespur, by deed dated October 1, 1985, deeded back to the Plaintiff a life estate in the subject real estate with remainder in the grantor, Barbara Ann Riddlespur.
“3. That upon consideration of the evidence, including the testimony of the parties and witnesses, the Court finds that the Plaintiff has failed in his burden of proof to establish that the material part of the consideration for the conveyance to Barbara Ann Riddlespur was for her to support and care for the Plaintiff during his lifetime, and therefore the Petition to Nullify and Void said Conveyance pursuant to § 8-9-12, Ala.Code (1975), is hereby denied.
“4. The Court finds that the Plaintiff maintains a life estate in the subject property with the remainder held by the heirs of Barbara Ann Riddlespur, deceased.
“It is further ORDERED that the costs incurred herein are hereby taxed to the Plaintiff for which execution shall issue.
“Done this 22nd day of August, 1991.”
Smith had four children, one of whom was Riddlespur, by his first wife. Smith’s second wife, Dorothy, owned the house and the real estate at issue when she married Smith. On January 19, 1982, she conveyed the property to herself and Smith as joint tenants with right of survivorship. Dorothy died in 1983.
*618 The only consideration recited in Smith’s warranty deed to Riddlespur was $10. Although Smith argues on appeal that the true consideration for the deed was a promise by Riddlespur to support and care for him, he never made that assertion at trial.
Under the ore terms standard of review, where the trial court’s judgment is based on findings of fact based on disputed evidence presented orally, that judgment is presumed to be correct and will be upheld on appeal if it is fairly supported by credible evidence under any reasonable aspect and is not palpably wrong or manifestly unjust. Yamaha Motor Co. Ltd. v. Thornton, 579 So.2d 619 (Ala.1991); Fordham v. Cleburne County Commission, 580 So.2d 567 (Ala.1991). Specifically, for a plaintiff to prevail in a lawsuit brought pursuant to § 8-9-12, parol testimony of a promise of support must be clear, satisfactory, and convincing. Posey v. Posey, 545 So.2d 1329 (Ala.1989).
In the instant case, Smith had six people (all relatives of his) testify to the effect that they overheard Riddlespur promise to support and care for Smith in exchange for a deed to the disputed property. On the other hand, four people testified for Riddlespur that they had been around both Smith and Riddlespur on many occasions and had never heard her make such a promise.
We find, based on these disputed facts, that there was credible evidence to support the trial court’s judgment. One of Riddles-pur’s witnesses, Fred Stone, testified that Smith gave Riddlespur the property to keep Dorothy Smith’s son from getting it. Another of Riddlespur’s witnesses, Bill Hitch, testified that, after Dorothy died, he specifically asked Smith what he was going to do. According to Hitch, Smith said that he was going to “give everything away,” and, in connection with giving the property to Riddlespur, said nothing about her having to care for him.
Because Smith failed to show, by clear and convincing evidence, that a material part of the consideration for his deed to Riddlespur was a promise to support him, the trial court’s judgment is due to be affirmed. Cf. Posey v. Posey, supra (father presented substantial evidence that promise of support was material consideration for deed of motel property to son and daughter-in-law).
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

. Riddlespur died of a brain hemorrhage on October 30, 1989, the same day her father filed his lawsuit. Her husband, as administrator of her estate, was substituted as a defendant, along with her children.