On Applications For Rehearing
The opinion of March 24, 2000, is withdrawn and the following is substituted therefor.
These appeals involve a question regarding the procedure to be used when abutting landowners seek to vacate a public road. Richard Payson and other owners of land abutting Payson Road sought to close a portion of that road. Payson Road has been used as a public road and has been maintained as such by Elmore County for over 30 years. Payson appeared at a meeting of the Elmore County Commission in late 1997 or early 1998, orally requesting that a portion of Payson Road be closed. Payson and the other abutting landowners then retained an attorney to prepare a "declaration of vacation," pursuant to Ala. Code 1975, § 23-4-20, which was presented to the Commission. On March 23, 1998, the Commission passed a resolution assenting to the vacation of a portion of Payson Road. This resolution was signed by the county administrator; was signed and certified by the chairman of the Commission; was attached to the declaration of vacation; and was filed and recorded in the Probate Office of Elmore County. Ray Smith, as well as other owners and/or occupiers of real property in the vicinity of Payson Road (hereinafter the "Smith plaintiffs"), filed a complaint for declaratory and injunctive relief against Elmore County, the Elmore County Commission, Richard Payson, and the other abutting landowners (hereinafter Payson and the other abutting landowners are referred to as the "Payson defendants"). The Smith plaintiffs alleged that the proper statutory procedures for vacating a road had not been followed. The trial court entered a summary judgment for the Smith plaintiffs. Elmore County and the Elmore County Commission (hereinafter the "Elmore County defendants") appealed; likewise, the Payson defendants appealed. We reverse and remand.
In its summary judgment, the trial court held that the requirements of Ala. Code 1975, § 23-4-20, had not been fully complied with; therefore, it held, the Commission did not have the jurisdiction or authority to close Payson Road. Section 23-4-20
provides:
 "(a) Any street or alley may be vacated, in whole or in part, by the owner or owners of the land abutting the street or alley or abutting that portion of the street or alley desired to be vacated joining in a written instrument declaring the same to be vacated, such written instrument to be executed, acknowledged and recorded in like manner as conveyances of land, which declaration being duly recorded shall operate to destroy the force and effect of the dedication of said street or alley or portion vacated and to divest all public rights, including any rights which may have been acquired by prescription, in that part of the street or alley so vacated; provided, that if any such street or alley is within the limits of any municipality, the assent to such vacation of the city council or other governing body of the municipality must be procured, evidenced by a resolution adopted by such governing body, a copy of which, certified by the clerk or ministerial officer in charge of the records of the municipality must be attached to, filed and recorded with the written declaration of vacation; and if any such street or alley has been or is being used as a public road and is not within the limits of any municipality, the assent to such vacation of the county commission of the county in which such street or alley is situated must be procured, evidenced by resolution adopted by such board or court, a copy of which, *Page 452 
certified by the head thereof, must be attached to, filed and recorded with the declaration of vacation. Such vacation shall not deprive other property owners of such right as they may have to convenient and reasonable means of ingress and egress to and from their property, and if such right is not afforded by the remaining streets and alleys, another street or alley affording such right must be dedicated.
 "(b) The provisions of this section shall not be held to repeal any existing statute relating to the vacation of streets or alleys or parts thereof."
A summary judgment should be entered only upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is "of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870, 871 (Ala. 1989). "In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant." Culbreth v. Woodham Plumbing Co.,599 So.2d 1120, 1121 (Ala. 1992).
Both the Payson defendants and the Elmore County defendants contend that the requirements of § 23-4-20 were complied with in the vacation of Payson Road and that § 23-4-20 provides the only procedures that must be followed when abutting landowners vacate a road. In contrast, the Smith plaintiffs argue that the provisions of § 23-4-2 also apply when § 23-4-20 is invoked. Section 23-4-2
provides:
 "(a) The governing body of the municipality where the street, alley or highway, or portion thereof, to be closed and vacated is situated in a municipality and, in other cases, the county commission of the county in which the street, alley, highway, or portion thereof, is situated shall, after causing to be published in a newspaper once a week for three consecutive weeks in the county a notice which shall describe the street, alley, highway or portion thereof proposed to be closed and vacated and also give the date of the hearing, first adopt a resolution to the effect that it is in the public interest that such street, alley, highway or portion thereof be closed and vacated; and thereafter, such governing body may file in the office of the judge of probate in the county in which such street, alley or highway, or portion thereof, is located, its petition requesting the closing and vacating of such street, alley or highway, or such portion thereof.
 "(b) The petition shall describe with accuracy the street, alley or highway, or portion thereof, to be closed and vacated and shall give the names of the owner or owners of the abutting lots or parcels of land and also the owner or owners of such other lots or parcels of land, if any, which will be cut off from access thereby over some other reasonable and convenient way. The petition shall further set forth that it is in the interest of the public that such street, alley or highway, or portion thereof, be closed and vacated, and that a resolution to that effect has been adopted by the governing body of the municipality or county, as hereinbefore set forth. *Page 453 
 "(c) Thereupon, the probate court shall set the petition for hearing and shall issue notice of the pendency of the petition to the persons named in the petition. Such notice shall be served upon the said abutting owner or owners and also the person or persons, if any, named in the petition whose access will be affected, resident in this state as civil process is now served, not less than 10 days prior to the hearing of the petition. In case of a nonresident owner or owners or parties in interest or unknown defendants, the probate court shall cause to be published in a newspaper published in the county said notice, which shall contain the nature of the petition and in which shall be described the street, alley or highway, or portion thereof, proposed to be closed and vacated, and all such persons shall be required to appear upon the hearing thereof and to either assent to the granting of the petition or contest the same as they may see fit. Such notice shall be published once a week for three consecutive weeks prior to the date set for the hearing of the petition and shall give the date on which the hearing is to be had."
The Smith plaintiffs also contend that the Payson defendants are required to prove that the vacation of Payson Road is a public necessity. The Smith plaintiffs further argue that the manner in which the road was closed deprived them of procedural due process and that the provisions of § 23-4-20 were not met because the vacation of Payson Road deprives them of reasonable and convenient access.
 I.
We first address the issue whether § 23-4-2 applies when a vacation is undertaken pursuant to § 23-4-20. This Court noted inGwin v. Bristol Steel Iron Works, Inc., 366 So.2d 692, 694 (Ala. 1978): "[T]his area of the law (vacation of public streets in a non-eminent domain context) has been confusing and unsettled for at least the past 50 years." (Footnote omitted.) Indeed, more than 20 years after Gwin
the law regarding the vacation of public streets by abutting landowners is still confusing and unsettled.
In Fordham v. Cleburne County Commission, 580 So.2d 567, 569
(Ala. 1991), this Court stated: "The proper procedures required to enforce § 23-4-20 are found in § 23-4-2." However, that statement, because it was not necessary to the holding in that case, is mere dicta. In Fordham, the landowners abutting Beaver Lane Road sought to vacate that road pursuant to § 23-4-20. The landowners attended a meeting of the Cleburne County Commission and proposed that the road be closed. After an announcement of the proposed road closing had appeared in a local newspaper each week for three weeks, a requirement of § 23-4-2, the Commission adopted a resolution calling for the road to be closed. The Commission later adopted another resolution evidencing its intent to vacate the road. However, this Court held that the Cleburne County Commission "did not meet the strict standards set out in §§23-4-2 and 23-4-20" (580 So.2d at 570) because it did not adopt a clear and unequivocal resolution closing Beaver Lane Road.
While the Court in Fordham stated in dicta that a vacation pursuant to § 23-4-20 must follow the procedure set out in § 23-4-2, the Court also stated that "public streets, alleys, or highways can be closed and vacated by counties or municipalities in accordance with Ala. Code 1975, §§ 23-4-1 through -6, or by `abutting landowners' in accordance with § 23-4-20." 580 So.2d at 569 (emphasis added). It is unclear whether the vacation sought in Fordham was initiated pursuant to *Page 454 
§ 23-4-20 or § 23-4-2 because, although the abutting landowners proposed the closing of the road to the county commission, the landowners did not join in a written instrument declaring the road to be vacated, as required by § 23-4-20. However, it is clear that the road in Fordham was not properly vacated, because the abutting landowners did not follow the provisions of § 23-4-20 and the commission did not follow the provisions of § 23-4-2. Thus Fordham is not strong support for the proposition that in seeking to vacate a road pursuant to § 23-4-20 the abutting landowners must also comply with § 23-4-2. In McPhillips v. Broadbeck, 289 Ala. 148,266 So.2d 592 (1972), this Court examined the vacation of a road by an abutting landowner pursuant to Title 56, § 32, Code of Alabama (1940), the predecessor to § 23-4-20, Ala. Code 1975; the earlier statute contains the same requirements as § 23-4-20. In that case, this Court noted a distinction between the vacation of a road by a public authority and the vacation of a road by abutting landowners as follows:
 "[We are not] here dealing with a vacation of a street initiated by public authority to better serve the public interest where the rule of public necessity must override public convenience, but on the contrary we deal with a statutory provision whereby private interests may under prescribed circumstances deprive others of the use of a portion of an existing street in order to further the personal desires of such private interests. Such a statute should be strictly construed so that it not be an agency for oppression or misuse."
289 Ala. at 154, 266 So.2d at 597. This statement indicates this Court's recognition that, by enacting Title 56, § 32, the Legislature intended to allow the private interests of abutting landowners to override the public interest in the use of a roadway, so long as those landowners strictly followed the provisions of the statute.
In Chichester v. Kroman, 221 Ala. 203, 128 So. 166 (1930), which was criticized but not overruled in Gwin, this Court examined § 10361, Code of Alabama (1924), as amended by Acts 1927, p. 105, a predecessor to Title 56, § 32. In that case, the Court described the factual issues presented as follows:
 "Did all the `owners of the land abutting the street or alley (or that portion of the street or alley desired to be vacated)' join `in a written instrument declaring the same to be vacated,' properly acknowledged and recorded, and did the city give its assent, `evidenced by a resolution adopted by such governing body, a copy of which, certified by the clerk or ministerial officer in charge of the records of the municipality attached to, filed and recorded with the written declaration of vacation,' and was a `convenient means of ingress and egress to and from this property afforded' by any other street or alley?"
221 Ala. at 206, 128 So. at 168. In other words, if the landowners joined in a written declaration of vacation, to which the city assented, and the public had another means of ingress and egress, no more was required before the road could be vacated. The question before the Court in Chichester was whether a convenient means of ingress and egress to the complainant's property was otherwise afforded.
The Smith plaintiffs cite Holland v. City of Alabaster,624 So.2d 1376 (Ala. 1993), in support of their argument that the Payson defendants cannot vacate the road unless they can show that the vacation is justified on the ground of public necessity. InHolland, this Court stated that "[a]ny private right of abutting owners is entirely and *Page 455 
completely subordinate to the public right, and any invasion of the street in the way of private use can be justified only on the ground of public necessity." 624 So.2d at 1378. Holland also involved the vacation of a road by abutting landowners pursuant to § 23-4-20; however,Holland held that there was no public necessity for closing the road and it did not address whether an abutting landowner seeking to have a road closed must comply with § 23-4-2. Holland
is thus distinguishable from the present case because the holding inHolland was based on a finding by the trial court that the vacation of the road created a public nuisance.
In previous cases where this Court has been called on to interpret a statute, this Court has stated:
 "`Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"
Blue Cross Blue Shield v. Nielson, 714 So.2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992)). The language of §§ 23-4-20 and 23-4-2
is unambiguous and each statute must be given its plain meaning. The plain language of § 23-4-20 provides the procedures that must be followed when an abutting landowner seeks to vacate a public road. Section 23-4-20 makes no reference to the procedure set forth in § 23-4-2, which by its plain language applies only to those vacations initiated by a municipality or county. We will not read into a statute what the Legislature has not written.
We also find persuasive the fact that the subject of the vacation of public roads by abutting landowners and by governing bodies appears in separate articles in the Code. Chapter 4 of Title 23, entitled "Closing and Vacating Streets, Alleys and Highways," contains both Article 1 (entitled "Counties or Municipalities," in which § 23-4-2 is found) and Article 2 (entitled "Abutting Landowners," in which § 23-4-20 is found). The fact that these provisions appear in separate articles indicates that the Legislature did not intend for the procedures in one Article to apply to the subject matter governed by the other Article. Thus, the provisions of § 23-4-20, which relate to "abutting landowners," were not meant to also be subject to the procedures set forth in § 23-4-2, which relate to counties and municipalities.
We must conclude from the plain language of the statutes that in order for an abutting landowner to vacate a road pursuant to §23-4-20, it is not necessary to comply with the procedures set forth in § 23-4-2. To the extent it is inconsistent with our holding today, Fordham is overruled.
 II.
We must now determine whether Payson Road was properly vacated, pursuant to § 23-4-20. The trial court's order did not state which provision or provisions of § 23-4-20 it found the Payson defendants to have failed to fully comply with. The record indicates, and the Smith plaintiffs do not dispute, that the Payson defendants, acting pursuant to § 23-4-20, joined in a written instrument declaring a portion of Payson Road to be vacated. That instrument was executed, acknowledged, and recorded in the Probate Office of Elmore County. Acting pursuant to § 23-4-20, the Commission adopted a resolution assenting to the vacation of Payson Road, *Page 456 
and a copy of that resolution was certified by the chairman of the Commission and was attached to, and filed and recorded with, the declaration of vacation. Thus, the only requirement of § 23-4-20
at issue is whether the vacation "deprive[s] other property owners of such right as they may have to convenient and reasonable means of ingress and egress to and from their property."
The Smith plaintiffs contend that the closing of Payson Road forces them to take an alternative road, County Road 7. They argue that County Road 7 is more congested than Payson Road and is impractical to use during early morning and late afternoon rush hours. They also claim that they have difficulty transporting farm equipment on County Road 7 because it is more heavily traveled than Payson Road.
In support of this argument, the Smith plaintiffs citeWilliams v. Norton, 399 So.2d 828 (Ala. 1981). In Williams, this Court held that the vacation of a public road by abutting landowners denied others the right of the "convenient enjoyment" of their property. The road that was vacated led to a recreational lake; after its vacation the other landowners, to get access to the water, were forced to take a more circuitous route through a private marina, which charged a fee for the use of its facilities. This Court, in Williams, noted that "an individual, as an owner of land which abuts a public road, suffers a special injury if an obstruction of that road denies him convenient access to a nearby waterway or forces him to take a more circuitous route to the outside world." 399 So.2d at 829. The Smith plaintiffs contend that the closing of Payson Road forces them to take "a more circuitous route to the outside world." We note that inWilliams the owners who were denied access owned land abutting the public road that was vacated. In the present case, none of the Smith plaintiffs owns land abutting the vacated portion of Payson Road. The Payson defendants argue that the Smith plaintiffs have not been deprived of reasonable and convenient means of ingress to and egress from their property. In fact, they contend that the alternative means of ingress and egress available to each of the Smith plaintiffs includes at least one paved road, unlike Payson Road, which is in certain places a one-lane dirt road. The Payson defendants contend that Williams is distinguishable from the present case because the vacation of the road in Williams effectively restricted the landowners' access to a body of water, the only alternative access to the water being a few miles away through a private marina that charged a fee. In contrast, the Payson defendants argue, the alternative route in the present case is a wider, paved road that is convenient to the property.
The Payson defendants also contend that McPhillips, supra, is distinguishable from the present case. In that case this Court reversed the trial court's judgment upholding the vacation of a portion of a street because the vacation deprived the plaintiff of his only means of access to Mobile Bay without providing an alternative means of access. In McPhillips the landowner's only
means of access to Mobile Bay was eliminated. In the present case, however, the landowners continue to have alternative routes for access to their property. "It is not a question of comparing conveniences or desirability, but whether there is left or provided some other reasonably convenient way." Chichester,221 Ala. at 206, 128 So. at 169.
It appears that the trial court entered the summary judgment in favor of the Smith plaintiffs based on a finding that the vacation had deprived the Smith plaintiffs of convenient and reasonable means of *Page 457 
ingress to and egress from their property and had thereby violated § 23-4-20. However, when viewed in the light most favorable to the Payson defendants, as the nonmovants, the evidence suggests that the Smith plaintiffs were not deprived of a "convenient and reasonable means of ingress and egress to and from their property." Therefore, we reverse the summary judgment in favor of the Smith plaintiffs and remand the case for further proceedings consistent with this opinion.
OPINION OF MARCH 24, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATIONS GRANTED; 1981750 — REVERSED AND REMANDED; 1981935 — REVERSED AND REMANDED.
Maddox, Houston, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.