COBB, Chief Justice
(concurring specially).
I write to note that I must reluctantly conclude that the plain language of § 43-8-48, Ala.Code 1975, does compel the harsh and unfair result of disinheriting the children in this case. Moreover, although I do not believe that in enacting § 43-8-48 the legislature intended to disinherit children in the situation presented here, my duty as a judge does not permit me to “read into a statute what the Legislature has not written,” Elmore County Comm’n v. Smith, 786 So.2d 449, 455 (Ala.2000), and I cannot honestly construe § 43-8-48 in pari materia with the provisions in Alabama’s Adoption Code, Ala.Code 1975, § 26-10A-1 et seq., so as to arrive at a more just and equitable result. Because I recognize that the courts are not the branch of our government charged with the duty of enacting statutory law,[3] I call upon our legislature to consider modifying the exception in § 43-8-48(1) for adoptions by the spouse of a natural parent to include adoptions by relatives, as noted in § 26-10A-28.[4]

. " ' ‘TOo declare what the law is, or has been, is a judicial power; to declare what the law shall be, is legislative.” ’ ” City of Daphne v. City of Spanish Fort, 853 So.2d 933, 942 (Ala.2003) (quoting Sanders v. Cabaniss, 43 Ala. 173, 180 (1869), quoting in turn Thomas M. Cooley, Constitutional Limitations 91-95 (1868)).

. In pertinent part, § 26-10A-28 provides that "[a] grandfather, a grandmother, great-grandfather, great-grandmother, great-uncle, great-aunt, a brother, or a half-brother, a sister, a half-sister, an aunt or an uncle of the first degree and their respective spouses, if any[,] may adopt a minor grandchild, a minor brother, a minor half-brother, a minor sister, a minor half-sister, a minor nephew, a minor niece, a minor great-grandchild, a minor great niece or a minor great nephew....”